M'ALPIN and M'ALPIN v. MAY.

1. A demurrer to a plea reaches the want of an affidavit of its truth, when that is necessary, or other irregularity in pleading

2. A plea in bar averring that an award was made on a reference of the subject, may be good, though it does not aver that the defendant has performed the award.

THIS was an action of debt brought in the Circuit Court of Greene county, by May against the plaintiffs in error, on a note for $160. The defendants below pleaded *nil debet,* and afterwards pleaded a plea *puis darrien continuance,* which alleges that "the plaintiff ought not further to have or maintain his action thereof against them, be-

cause since the last continuance, on a certain day, the plaintiff and defendants submitted themselves to the arbitrament of, and engaged to stand by the award of J. W. and others, selected to arbitrate and determine of and concerning the subject matter of the plaintiff's suit against the defendants; and that the said arbitrators did make their award in writing concerning the premises in the declaration mentioned, and were then and there ready to deliver said award to the parties and did thereby award as follows: 'We the arbitrators find for the plaintiff $90 11 debt and *interest of said suit*;' and this they are ready to verify," &c. To this plea May demurred, and the Court at September term, 1827, sustained the demurrer, and judgement was rendered for the plaintiff.

The error assigned was, the sustaining of the demurrer.

PICKENS and KELLY, for the plaintiffs in error, argued that the plea was good; that the objection taken in the Court-below was, the want of an averment of payment of the sum awarded, or a tender of it, or of a readiness to comply with the award: they contended that this was wholly unnecessary, and that the award itself was a bar to the action. [a]

BARTON and STEWART, for the defendant, argued that the plea was no bar; that the action was well commenced, and that nothing had since occurred to defeat it entirely; that the plea still acknowledged a debt to be due, and that it was unpaid, not tendered, nor did it appear they were ready to abide and pay the award. The award does not order a non suit, a dismissal, nor otherwise dispose of the suit; what is to become of it? The case would be different if the award had been made before suit brought; then there would have been a cause of action and remedy on the award, and that would have been a good defence. But if this be a good bar, then the plaintiff must dismiss this suit and commence a new one on the award; and yet the suit was well brought. The plea is also defective under the rule, that it should answer all it professes to answer. It assumes to answer the whole declaration, and bar the action, and yet, $90 11 by it appear to be yet due. The allegation that the plaintiff "ought not further to have and maintain his action," was improper. If the defendants wished by their plea to defend only as to part of the

[a] 2 Chit Pl. 361, note q. Kyd on Aw. 390–2. 1 Ld. Raym. 122,1039.

JULY 1828.

M‘Alpin and
M‘Alpin
v.
May.

a 6 Term R. 369.
amount claimed in the declaration, the plea should con-
fess the sum due, and traverse the balance; so that the
plaintiff could by his replication take judgement for the
amount confessed, and reply to the part denied to be due.
A further defect is, that it was not verified on oath.  All
pleas *puis darrien continuance*, must be sworn to.  A de-
murrer reaches as well any irregularity in the mode, time,
or manner of pleading a plea, as it does the substance of
the plea itself. [a]

### By JUDGE CRENSHAW.

In argument it was contended that the plea was not well
pleaded, and that it ought to have been sworn to.   It was
said that the plea in its commencement professed to be
an answer to the whole declaration, but that it answered
only a part, in shewing that the arbitrators had awarded a
less sum than was claimed in the action.   I am of opinion,
that in this respect the plea was well pleaded, and that it
was a bar to the action.

But the objection that the plea was not verified by affi-
davit appears to me to be properly taken.   The plea *puis
darrien continuance* is a waiver or abandonment of all
other pleas, and the law requires that it be sworn to, other-
wise it cannot be received; nor is it material whether the
want of the affidavit be considered a defect in form or
substance, since it is clearly such a defect as can be reach-
ed by a demurrer.  In the case of Buddle against Wilson,  [b]
it was ruled, that a plea in abatement after a general im-
parlance, is bad, and may be taken advantage of on a gen-
eral demurrer, though the plea would ha;e been good if
pleaded in proper time;  from which it may be inferred,
that if the plea comes in at an improper time, or be plead-
ed in an improper manner, the defect is fatal on general
demurrer, though in other respects the plea be good.

The Court are unanimous in the opinion that the want
of an affidavit verifying the plea, was fatal on general de-
murrer, and that the judgement below must be affirmed.

JUDGE SAFFOLD not sitting.