## SMITH v. NELSON.

1. In less than two months after the grant of administration, the administrator was served with a *scire facias* to revive a suit at law pending against the intestate at the time of his death; he retained counsel to appear for him, and claim a continuance. The counsel appeared on the first day of the term, and objected to a judgment against his client: on some subsequent day of the term, without the knowledge or consent of the administrator or his counsel, a judgment was rendered against the former, though the case was not reached in a regular call of the docket; and neither of them had notice of the judgment until after the adjournment of the court. The administrator reported the estate insolvent, according to the statute in such case; his report has been confirmed, and the appropriate orders made for its settlement. If the judgment remains in force, the administrator will be personally charged with its payment, although he has not wasted the estate of his intestate: *Held*, that it was competent for a court of equity to give relief, by injoining the judgment against the administrator.

WRIT of error to the Court of Chancery for Lowndes county.

On the first of September, 1842, the plaintiff in error filed his bill against the defendant, stating that Stewart Farley, now deceased, made his promissory note on the 18th July, 1840, by which he promised to pay to Gilchrist & Bedford the sum of three hundred and fifteen 39-100 dollars one day after date; that the note was endorsed by the payees to the defendant, who, on on the 29th of September, 1840, brought an action thereupon against the maker in the circuit court of Lowndes. It is further stated, that after the execution and return of the writ, about the month of December of the same year, Farley died intestate. On the 24th of that month, the complainant was duly appointed administrator of his estate, and about the 15th of February, 1841, the defendant caused a *scire facias* to be issued by the clerk of the circuit court, requiring the complainant to appear at the term thereof to be holden in the spring of 1841, and show cause why the suit should not be revived against him. This *scire facias* was executed three days after it issued. The complainant thereupon retained N. Cook, Esq., whom he instructed to claim a continuance at the return of the *scire facias*, that he might have time to examine into the situation of his intestate's estate—

Smith v. Nelson.

gave himself no farther trouble about the cause at that term of the court. He is informed by his attorney, that the case was called on the first day of the court, when the plaintiff moved to make him (complainant) a party, and have judgment rendered against him; but his attorney objecting, it was passed, and, according to the practice in such cases, could only be disposed of when regularly called in its order upon the docket. The cause was number 331, and in the regular call number 38 was the last that was disposed of, and his attorney was ready to attend to it when reached in its order; but much to the surprise, both of the complainant and his counsel, a judgment by default was rendered against the complainant on some day of the term. Of the judgment thus rendered, neither the complainant or his counsel had notice until after the adjournment of the court, so that they could move to set the same aside. With a view to the reversal of the judgment, the complainant prosecuted a writ of error to the supreme court, but the same has been there affirmed, and he thus made personally liable to its payment; and this, although he has never embezzled or wasted the assets of his intestate's estate. He also alleges, that the estate is insolvent; that he has reported the fact to the proper court, according to the statute in such cases; his report has been confirmed, and the appropriate orders made for its settlement. The bill concludes with a prayer for an injunction, which was accordingly granted. At the term of the court of chancery next after the exhibition of the bill, and before the coming in of the answer, the same was dismissed for want of equity.

N. Cook, for the plaintiff in error. The complainant is not chargeable with neglect for not having defended at law; both himself and counsel did all that could reasonably be required, and more the law does not exact. But if this be not so, it must be remembered that the complainant was not sued in his own right, but as the representative of an estate, with the administration of which he is charged by the law. Much greater indulgence is extended to persons who have such trusts to perform. [2 Vern. Rep. 146; 2 P. Wms. Rep. 69—70; 17 Johns. Rep. 1; 2 Stewt. Rep. 420; 1 Stewt. & P. Rep. 135; 7 Porter's Rep. 549; 7 Cranch's Rep. 332.]

41

BOLING, for the defendant, insisted that the judgment at law was conclusive upon the complainant, and that a court of equity could not entertain his case. He should have attended in the circuit court by his counsel during the entire term; and if a judgment was rendered against him at an improper time, or in an improper manner, he should have asked that court to set it aside. [4 Ala. Rep. 183; 7 Porter's Rep. 549; 3 id. 436; 6 id. 24; 1 Stewt. Rep. 107; 2 Stewt. & P. Rep. 58; 3 Johns. Ch. Rep. 351.]

COLLIER, C. J.—1. I am inclined to think that neither the complainant nor the counsel employed by him, are justly chargeable with neglect in not having resisted a judgment in the circuit court. The suit could not have been regularly tried at the term to which the *scire facias* was returned, if the complainant objected; all that was necessary for him to do, was upon being made a party, to claim a continuance. He retained an attorney, and instructed him to take this course. The cause was never regularly reached, so that, according to the order of proceeding, no judgment by default should have been rendered. This being known to the attorney, he was not, in my opinion, at fault in being temporarily absent from the court, or in not having examined its minutes to ascertain if the cause was disposed of, and moving to set aside the judgment. If the opposite conclusion deprived the complainant of relief in equity, then he would be utterly remediless; though he had taken the usual steps to obtain a continuance, and make defence, should the assets of the estate he represented require it. The estate being insolvent, he could not obtain full indemnification from that source; and his attorney, not being chargeable with gross negligence, could not be called on to repair the loss. But this is only my view: my brethren think the jurisdiction of chancery may be supported without inquiring whether the circumstances considered, would, in general, relieve a case from the want of diligence, in making defence at law, and decline an expression of opinion on the point.

2. Placing out of view every thing that is alleged in respect to the employment of counsel, &c., the case presents itself in the same predicament in which it would if the complainant had made no effort to prevent a judgment. Regarding it in that posture, we address ourselves to its consideration. Mr. Justice Story, in his Commentaries on Equity, says, "relief will be

granted where the defence could not, at the time, or under the circumstances, be made available at law, without any laches of the party. Thus, for instance, if a party should recover a judgment at law for a debt, and the defendant should afterwards find a receipt under the plaintiff's own hand for the very money in question, the defendant (where there was no laches on his part) would be relieved by a perpetual injunction in equity. So, if a fact, material to the merits, should be discovered after a trial, which could not by ordinary diligence have been ascertained before, the like relief will be granted." [2 vol. 179—180.]

Relief has been granted to an executor who had confessed judgments in suits brought against him by the creditor of the testator, under the belief that the assets of the estate were amply sufficient to pay all claims against it; the amount of assets proving afterwards inadequate, in consequence of an unexpected depreciation of property. The executor it was considered, under the circumstances, should not be answerable out of his own estate, in default of the testator's assets, for the debts on which the recoveries had been had; which were all charged by the testator's will upon his whole real and personal estate. [Miller v. Rice, 1 Rand. Rep. 438; 2 Lomax's ex'rs, &c., 395.] In that case, it was thought the confession of judgments, under the circumstances, did not place the executor in a worse situation than a false plea would under the equity of the Virginia statute, which exempted him from liability beyond the assets, in consequence of any false pleading, mispleading or non-pleading.

Viewing the case in a light most unfavorable for the complainant, he can only be considered as having pretermitted all defence in the circuit court—in fact, that at the time the judgment was rendered, he knew of no defence that would have availed to defeat a recovery. True, he might have obtained a continuance had he intimated such a wish to the court, and this would have been a prudential course; yet as he was not informed of the condition of the estate, it is believed that he is not concluded in equity. If the complainant has not wasted the assets, and they are insufficient to pay the demands upon the intestate's estate, the defendant has no claim in moral justice to charge him individually. The facts, that he is a trustee, and has acted, so far as the record shows anything upon the point, in good faith, and that the

insolvency has developed itself since the judgment was obtained, it is believed entitle him to relief.

My brethren rest their opinion exclusively upon the second point considered. While I will not gainsay their conclusion, I must be permitted to say, that I place my concurrence in the result, mainly upon the sufficiency of the reasons stated in the bill, to repel the inference of neglect, in not defending at law.

It remains but to add, that the decree is reversed, and the cause remanded.