## HUTCHINSON, ADM'R, v. GAMBLE.

1. When the avails of an action prosecuted by an administrator, would, if successful, be assets of the estate he represents—if unsuccessful, the estate must be charged with the costs; and if a judgment for costs is rendered against him by the court below *de bonis propriis*, it will be here rendered *de bonis intestatis*.

Writ of Error to the Circuit Court of Sumter.

The plaintiff in error declared against the defendant in detinue for a female slave and other property, alledging his possession as administrator, the loss by him and the finding and detention by the defendant. Afterwards, the plaintiff voluntarily suffered a nonsuit, and offered to prove that the property sought to be recovered never was in his possession, and that the action was instituted in his representative character to recover property supposed to belong to his intestate's estate, and of which the defendant obtained possession subsequent to the death of the intestate, and previous to the grant of administration. But the court refused to hear the proof, and rendered a judgment against the defendant for the costs *de bonis propriis*.

R. H. Smith, for the plaintiff in error.
S. W. Inge, for the defendant in error.

COLLIER, C. J.—In Chandler, et al. v. Shehan, 7 Ala. Rep. 251, it was said that the test to determine whether a

judgment against an administrator should be *de bonis propriis, aut intestatis,* is whether or not the money for which the action is brought, would if recovered be assets of the estate ; though it was conceded that it had been held in England, that a plaintiff suing as an executor or administrator would be liable *de bonis propriis,* if the action could have been maintained in his own name. And in Stewart, et al. v. Hood, et al. 10 Ala. Rep. 600, it was held, that in this State when an administrator *de bonis non* sues upon a note given to the administrator in chief, in that character, for goods of the estate, he is not responsible *de bonis propriis* for costs, as he necessarily sues in his representative character. The court said it would seem that whenever an administrator may properly sue in his representative character, the costs in all cases should follow the judgment ; and as that is, that the defendant be discharged of the suit of the administrator, the costs are recovered of the latter in his representative character.

In the case at bar the plaintiff, if he had been in possession of the property after the grant of administration, might perhaps have sued in his own name, yet it was not indispensable that he should have thus declared. Whatever the plaintiff would have recovered had his action been successfully prosecuted, would have been assets of the estate he represented ; and being unsuccessful according to the cases cited, that estate is chargeable with the costs. The judgment is therefore reversed, and the proper judgment here rendered for the costs of the circuit court *de bonis intestatis.*