## JESSEE *vs.* CATER.

1.  A chancery suit for the abatement of a livery stable as a nuisance was referred to arbitration by order of the court, and it was ordered that complainant's bill should be dismissed if she did not comply with the conditions of the award by the next term of the court. The arbitrators having awarded an exchange of lots between the parties, and the payment by complainant of the estimated difference in the value of the lots, and the complainant having failed to comply with the award, her bill was afterwards dismissed : *Held,* that the award was not final until the parties had performed, or offered to perform, the acts required to be done by them respectively ; and therefore, a plea to an action on the injunction bond must aver performance, or a readiness to perform, on the part of the pleader.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

THIS action (Wm. H. Jessee *vs.* Jemima M. Cater, John W. Lapsley, and Wm. H. Fellows) was commenced by summons and complaint under the Code, and was founded on an injunction bond. The defendants pleaded several pleas, of which it is only necessary to notice the first, as the rulings of the court in reference to it are the only errors assigned.— This plea avers, substantially, that the complainant in the injunction suit had filed her bill for an abatement of a livery stable erected by said Wm. H. Jessee ; that the matters in controversy in said suit were afterwards, by an order of the court, referred to arbitration, the order of reference directing that, if complainant did not comply with the conditions of the award by the next term of the court, her bill should be dismissed ; that the arbitrators awarded an exchange of lots between the parties, the execution of mutual conveyances by them in fee simple, and the payment by complainant of $850 as the intimated difference in value of the lots; and that this award was returned to the court, was received, confirmed, and recorded.

The plaintiff demurred to this plea; and, the demurrer being overruled, replied, "in short by consent, that said award was under the control of said Chancery Court, and was afterwards set aside by the proceedings of said court in

said cause up to the dismissal of the cause, as shown by the proceedings in said cause hereto attached," &c. The proceedings in the chancery cause are set out, *in extenso*, to the final decree dismissing the bill because the complainant had failed to pay into court the $850 awarded by the arbitrators. Issue was joined on this replication ; and on the trial, the plaintiff having introduced in evidence the record of the proceedings in said chancery suit, the court charged the jury, "that, under the issue formed upon the first plea, said record and proceedings did not show that the award mentioned in said plea was set aside, but that said award was valid and binding, and plaintiff could not maintain his action."

The plaintiff excepted to the charge of the court ; and he now assigns for error, 1st, the overruling of his demurrer to the first plea ; and, 2d, the charge of the court.

GEO. W. GAYLE, for the appellant.

WM. M. MURPHY, *contra*.

LIGON, J.—1. We think it clear that the award set out in the first plea in this case was never intended to be final, as to the matters involved in the chancery suit between the parties, until the things required to be done by it were performed, or offered to be performed by the parties respectively. The matters settled by the award are merely collateral to the controversy on which the reference was made, and the arbitrators go no further than to require the parties to make conveyances to each other on certain terms set forth in the award. In such cases, a plea which sets up and insists on the award, as a bar to an action founded on or growing out of matters connected with the proceedings or issues involved in the suit on which the reference was made, should aver performance on the part of the person pleading it ; or, at the least, a readiness to perform.—Clapcott v. Davy, 1 Ld. Ray. 611 ; Freeman v. Burnard, *ib.* 246; Blllings on Awards, 135, 293. The performance by Mrs. Cater is a condition precedent to her claiming any rights under the award of the arbitrators, and as such must be averred in her plea before it will be a bar to the suit on the bond for injunction, brought by Jessee for a breach of its condition. As the first plea in this record

contains no such averment, it is therefore bad, and the demurrer to it should have been sustained.

This award differs from that in the case of McAlpin v. May, 1 Stew. 520. The arbitrators in that case acted directly upon the matters in controversy, ascertained the balance due to the plaintiff, and *unconditionally* awarded its payment. It was full and final in its character; and in such cases, the party pleading it need not aver performance.

2. The charge of the court below was also erroneous. It assumes this award to be final, without any performance of its requirements by either party. We think differently, and hold that the conveyances and the payment of the money awarded, required to be made by its terms, are conditions precedent to its becoming final.

Let the judgment be reversed, and the cause remanded.