## JESSE *vs.* CATER.

[ACTION ON INJUNCTION BOND—PLEA OF ARBITRATION AND AWARD.]

| 28 | 475 |
| 132 | 322 |

1. *Error without injury in overruling demurrer to several pleas of which one is good.*— Where a demurrer to several pleas, each going to the whole declaration, is overruled, and the plaintiff declines to reply, the judgment on the demurrer will not be reversed on error, if any one of the pleas is good, since the erroneous overruling of the demurrer to the others could not have prejudiced the plaintiff.

2. *Conclusiveness of judicial decisions.*—When a case is brought to the appellate court a second time, the opinion previously pronounced, even though its correctness may be doubted, as to the precise question then before the court, is obligatory; but, while yielding implicit obedience to the actual decision, the court is not necessarily bound to carry out literally the *dicta* pertaining to questions which were not then presented on the record.

3. *Submission to arbitration construed.*—Pending an injunction suit for the abatement of a livery-stable, the parties agreed to submit to arbitration the

matters in controversy between them, and the agreement contained a stipulation "that the award of the arbitrators, made in pursuance of this agreement, shall terminate and forever decide all matters of controversy, at law or in equity, in relation to the said livery-stable": *Held*, that the right of action at law on the injunction bond, though it might not be included in the subject-matter to be directly decided by the arbitrators, was nevertheless to be settled by the award; and that, consequently, after the award was made, an action at law could not be maintained on the injunction bond, unless the award was not binding.

4. *Plea averring arbitration and award.*—In an action on an injunction bond where the matters in controversy in the injunction suit were submitted to arbitration, and the arbitrators awarded that certain acts should be done by the parties concurrently, a plea setting up the submission and award must aver performance on the part of the pleader, or an offer to perform, or a good and legal excuse for the omission to do either.

5. *Award construed.*—In awarding an exchange of lots, the arbitrators directed that the parties "can and do make" to each other respectively "a fee-simple title": *Held*, that the conveyances were to be executed concurrently; that a "fee-simple title" meant a good title; that the award did not ascertain that the defendant then had the title to the lot which he was to convey, but that he could procure it; and that his failure to procure the title was a good and legal excuse for the plaintiff's failure to perform.

6. *Estoppel by submission and award.*—Where a submission to arbitration is made under an order of court, and the award entered up as the judgment of the court, a party is not thereby estopped from pleading any matter not necessarily within the scope of the award.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

This action was commenced in February, 1853, and was founded on an injunction bond, the condition of which, as alleged in the complaint, was, "that if the said Jemima M. Cater, or her sureties for her, or her or their heirs, executors, administrators, or assigns, shall pay to the plaintiff, his executors, administrators, or assigns, all costs, loss, or damages, that he may or shall sustain by the illegal, wrongful, or improper suing out of an injunction from the 19th chancery district, State of Alabama, by which said plaintiff was restrained from erecting a livery-stable in the town of Selma." The declaration alleged, that the condition of said bond was broken, in this: 1st, that said injunction was dissolved at the November term, 1852, of said chancery court, and the plaintiff's bill dismissed, and that great damage accrued to the plaintiff in consequence of said injunction and suit, which the

defendant has not paid; 2d, that said injunction was illegally sued out; 3d, that said injunction was wrongfully sued out; and, 4th, that said injunction was improperly sued out.

The defendants filed two special pleas, to each of which a demurrer was interposed, but overruled. The first plea was in these words:

"*Actio non*, because they say, that the said Jemima M. Cater, on the — day of ———, filed her bill of complaint against the said William H. Jesse, in the chancery court at Cahaba, to enjoin and restrain him from the erection of a livery-stable on a certain lot in the city of Selma, and to abate the same as a nuisance; and while the said cause was pending and undetermined, the said Jemima M. Cater and William H. Jesse, at the December term, 1851, of said court, obtained from said court an order and decree in the following words:

"Jemima M. Cater ⎫　In the Chancery Court at Cahaba. vs.　⎬ It appearing to the satisfaction of William H. Jesse. ⎭ the court, by the answer of the defendant, that he is, and always has been, willing to accept the complainant's proposition, as contained in her bill of complaint, in reference to an exchange of lots as therein stated; and the said parties being willing to adjust the question of nuisance, as raised by the bill, by arbitration, and petitioning the court for reference to arbitration : It is ordered, adjudged, and decreed, that the complainant have leave to select two disinterested persons, in no wise connected with herself, or with the Presbyterian church, or with any other church, and that the defendant have leave to select two persons of like character, in no wise connected with any church or himself, to act as arbitrators of the matter aforesaid, and, in the event of disagreement, to select a fifth person as umpire; and that said arbitrators assemble on the 15th December, inst., or on some day not later than the 20th, in Selma, and determine, according to equality and justice, what lot in the town of Selma, suitable for a livery-stable in said town, shall be exchanged for the lot of said Jesse, and that a fee-simple title can be made to said Jesse for the same. Upon this determination of said arbitrators, if a fee-simple title *cannot* (?) be made to said Jesse, and the same is not

made by the next regular or special term of this court, and the other conditions of said arbitration are not at that time complied with, the complainant's bill shall be dismissed, with costs against her; and the question of costs in this court, if said arbitration is complied with by both parties, shall be for the further decision of this court. It is further ordered and decreed, before the complainant shall be bound as above stated in relation to the title of the lot to be given in exchange, that the said William H. Jesse shall make to the said Jemima M. Cater, or to such person or persons as she may order and direct, a fee-simple title to the lot on which said livery-stable is situate; hereby binding them both equally to make or exchange titles in fee simple contemporaneously; the question of title, if any controversy arise in relation thereto, to be determined by Geo. W. Gayle and Wm. M. Murphy, who, if they disagree, shall call in a third person, who shall be a respectable lawyer, and his decision shall determine the question in dispute. In the event that the said William H. Jesse shall fail to attend to and comply with this arbitration and agreement, then the said livery-stable shall be abated as a nuisance, and such is to be made the order of the court, and the said Jesse perpetually enjoined from the erection of said livery-stable, or of any other on said lot. And it is further agreed, that the award of the arbitrators, made in pursuance of this agreement, shall terminate and forever decide all matters of controversy, at law or in equity, in relation to the said livery-stable; and that the award of the arbitrators shall be returned to said court, and made the judgment and decree of said court."

The plea then avers, that the arbitrators appointed under said order and decree, and in pursuance thereof, on the 17th December, 1851, made their award in the premises, which is set out in the plea, and the material portion of which is as follows: "The undersigned arbitrators therefore make the following award: 1. That the said Jemima M. Cater can and do make a fee-simple title to the said Wm. H. Jesse, to the lot offered by her in exchange as aforesaid, as upon the consideration of $350; and that the said Wm. H. Jesse can and do make to the said Cater, or to such person or persons as she may designate, a fee-simple title to the lot of him, the

said Jesse, as described in complainant's bill, and herein particularly designated, upon the consideration of $1200. 2. That the said Jemima M. Cater, upon receiving a fee-simple title from said Jesse for said lot, shall pay him in hand, as a just and equitable difference between the value of said lots and improvements, the sum of $850; and that the said parties severally assent to this award, by themselves or counsel. Given under our hands and seals," &c.

The plea then proceeds,—"Which said award was afterwards, to-wit," &c., "reported to said chancery court, and by said court was received, confirmed, and recorded; all of which more fully and at large appears on the records of said court, reference being thereunto had. And said defendants aver, that at the time of making said award, and at the time of the commencement of this suit, and since those times respectively, the said Wm. H. Jesse did not have or hold a title in fee-simple, or any other lawful title, to the said lot upon which said livery-stable was to be erected, and which is the identical lot mentioned in said award; nor has the said Jesse ever produced and shown, tendered or exhibited such titles to said lot as were required of him; nor has he ever offered or tendered the same to the said Jemima M. Cater, or to any person or persons for her; and these defendants in fact say, that the said Jesse, before and at the time of the said award, as well as before and at the time of the commencement of this suit, and since those times, never held or owned the lawful right and title of and to the said lot, and could not now, nor at any other time before or after the commencement of this suit, have made and delivered good and sufficient titles to the said lot; and these defendants in fact further say, that the lawful estate and title of and to the said lot, now, before, and at the time of making the said award, and before and at the time of the commencement of this suit, (is and was) in another and different person. All of which the said defendants are ready to verify."

It is unnecessary to notice the second plea.

The overruling of the demurrers to the pleas is now assigned as error.

GEO. W. GAYLE, for the appellant, contended, that the

first plea was bad under the previous decision of the case, in 25 Ala. 351, and aside from that decision, because the question of title was submitted to the arbitrators, and by them decided, and the plea did not aver that they had decided that Jesse had no title.

WM. M. MURPHY, *contra*, insisted, 1st, that the previous decision of this court did not cover the question now presented; 2d, that the acts to be performed by the respective parties were mutual and dependent, and therefore plaintiff should have replied performance on his part, or a readiness to perform; and, 3d, that if not mutual and dependent, they were at least concurrent, and the defendant might plead nonperformance on the part of the plaintiff in bar of the action. He cited 2 Bacon's Abr. 613; 1 Stra. 569; Douglass, 685; 4 Term R. 761; Green v. Linton, 7 Porter, 133; Jones v. Sommerville, 1 *ib.* 437; McLendon v. Godfrey, 3 Ala. 181; Ready v. Mayor, 6 *ib.* 328.

WALKER, J.—The appellant, who was the plaintiff below, demurred separately to the defendants' two pleas. The demurrers were overruled; and, the plaintiff declining to further plead, a judgment was rendered for the defendant. If either of the pleas, the demurrers to which were overruled, averred facts constituting a defense to the action, the judgment of the court below must be affirmed. Both the pleas go to the entire action; and therefore the plaintiff has not been prejudiced by the erroneous overruling the demurrer to one of the pleas, if the other was good.—See the cases of Firemen's Ins. Co. v. Cochran & Co., 27 Ala. 228; and The State v. Brantley, 27 Ala. 44.

We proceed to consider the sufficiency of the first of defendants' two pleas; and if the conclusion is attained, that it interposed a valid defense to the entire action, the judgment of the court below may be affirmed, without an examination of the second plea, as its deficiency would not change the result.

This case has once before been in this court.—See 25 Ala. 351. The question was then, as it is now, upon the sufficiency of a plea. The plea then passed upon by this court set up

Jesse v. Cater.

an award, without any additional averment. This court *adjudged* that plea, resting the defense upon the award alone, as defective. Furthermore, the learned judge who delivered the opinion indicates, in *dicta*, what additional matter would be requisite to supply the deficiency of the plea. The opinion asserts, in effect, not only that the award *was* not of itself a defense to the suit, but that it *could* not be unless pleaded with an allegation of performance, or of an offer to perform, or at least of a readiness to perform, the duties imposed by the award upon the pleader. Although we might be disposed to doubt the correctness of the former decision of this court, it is obligatory upon us, so far as the question then before the court is concerned; but we are not necessarily bound to literally carry out the *dicta* pertaining to questions not before the court. To the decision of the court, as to the sufficiency of the plea then before it, we yield implicit obedience; but we are at liberty to look beyond the mere letter of the opinion as to the additional averment necessary to make out the defense, and to regard it as authority according to its spirit and intention. While the position is taken, in general terms, that performance, or an offer to perform, would be necessary to make the award available as a defense, we do not think it was intended to exclude the idea that there could be other facts which might have the same effect.—Sibbald v. The United States, 12 Peters, 488; 26 Ala. 647; 25 *ib.* 199; 23 *ib.* 609; 15 *ib.* 232; 2 *ib.* 522; 1 Porter, 313; 4 S. & P. 59.

We think that the averment of a sufficient legal excuse for the omission to perform, or to offer to perform, the obligations imposed by the award upon the defendant, would have had the same effect, when pleaded in connection with the award, as would the averment of performance, or of an offer to perform; and we think this court would have so decided, in its former opinion, if the question had been presented.

The submission to arbitration, which is set forth in the plea, contains an agreement, that the award of the arbitrators, made in pursuance to the contract of submission, " should *terminate* and forever *decide* all matters of controversy, *at law* or in *equity*," in relation to the livery-stable therein named. The agreement is sufficiently comprehensive to include, as one of the matters to be settled by the award, the right of

action *at law* upon the injunction bond. It may be, that that right of action was not embraced within the subject-matter to be directly passed upon by the arbitrators, and was collateral to it; nevertheless the award was to have the effect of settling it. It follows, that the plaintiff (Jesse) could have maintained no action upon the injunction bond, after the award in pursuance to the contract of reference, unless that award was not binding upon him. Following the previous decision of this court, we hold, that the award, standing by itself, would not be effectual against Jesse. We also follow that opinion, and say, that performance, or an offer to perform by Mrs. Cater, would have made the award operative against Jesse; and that either of those facts, when pleaded in connection with the award, would have made a good defense to this action. Meeting the question presented by the plea now before us, we also decide that the averment of a good and lawful excuse for the omission to perform, or to offer to perform, on Mrs. Cater's part, would be equivalent, in its effect, to an averment of either of those omitted acts.

The matter alleged in the plea now under consideration, which was not in the plea heretofore passed upon, is, that no lawful title to the lot, to be exchanged by Jesse with Mrs. Cater, was in Jesse, and that it was in another person, at the time of making the award, and has since so remained. This, we think, constitutes a sufficient and legal excuse for the omission of performance, or of an offer of performance by Mrs. Cater. The duties imposed were to be simultaneously performed. The acts to be done were intended to be concurrent.—Hay v. Brown, 12 Wend. 592. The law would not require Mrs. Cater to go through the useless ceremonial of offering to comply on her part, when Jesse was totally unable to comply. It was Jesse's duty, when the award of the arbitrators was rendered, if he did not have a title to the lot, to procure it, and place himself in a condition to perform the duties imposed upon him. It was not Mrs. Cater's duty to pursue him with requests to perform that duty.—Griggs v. Woodruff, 14 Ala. 20; Allen v. Green, 19 Ala. 34.

A different decision would permit Jesse, after agreeing that the award should settle the matter of controversy, to avoid its effect, if he deemed it unfavorable to himself, by

Jesse v. Cater.

forbearing to place himself in a condition to perform the obligations imposed. It would be to allow him to speculate upon the chances of an award favorable to him, and then avail himself of his own wrong as the means of rendering it inoperative against him.

The arbitrators, in making the award that a fee-simple title should be made, are not presumed to have intended the making of a deed, without regard to title. Mrs. Cater had a right, under the award, not merely to a conveyance, but to a good title.—Hunter v. O'Neil, 12 Ala. 36; Judson v. Wass, 11 Johns. 584; Tucker v. Woods, 12 ib. 190.

For the appellant it is contended, that the question whether Jesse had title to the lot was adjudicated by the arbitrators, and that Mrs. Cater is estopped from setting up the contrary. The judgment of the arbitrators is not that Jesse *has* title to the lot, but that he "*can* and do" make title to it. The language used in the award does not necessarily imply that the title was in Jesse at the time of the award, or that he *then* had the present ability to make title. A judgment can of itself only operate as an estoppel as to matters necessarily within its scope. The judgment of the arbitrators, which was confirmed by the court, is not inconsistent with the idea, that Jesse did not actually have title, but *could* make title at a future time, because he could procure it. The averment that Jesse was without title, was not necessarily in conflict with the decision of the arbitrators, and therefore Mrs. Cater was not estopped from pleading it.—McCravy v. Remson, 19 Ala. 433; Chamberlain v. Gaillard, 26 ib. 504; Whittick v. Traun, 25 ib. 317.

An application of the principles which are laid down in this opinion, sustains the defendant's first plea, and therefore the judgment of the circuit court is affirmed.