## HENRY vs. PORTER.

[ACTION ON OPEN ACCOUNT—PLEA AVERRING SUBMISSION TO ARBITRATION.]

1. *Sufficiency of plea.*—A plea *puis darrein continuance,* averring that the matters in controversy had been submitted to arbitration, and that the arbitrators had made an award, is fatally defective on demurrer, unless it sets out the submission and award, either substantially, or *in hæc verba.*

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by George G. Henry against Sidney D. Porter, to recover a sum of money which was alleged to be due on open account, on an account stated, and for money loaned. The defendant pleaded, among other things, " that since the last continuance of this suit, at the June term, 1854, the plaintiff and defendant, by a submission in writing, submitted the matters in controversy in this suit to the arbitrament and award of Wm. J. Ledyard, C. J. McRae and Daniel McNeill, referees by them chosen; and that said referees had taken jurisdiction of the matters of dispute, and made an award in the premises; wherefore he prays that said suit may be dismissed," The plaintiff demurred to this plea, " because it does not set forth what the award was, or the performance, or readiness or offer by defendant to perform the same." The court overruled the demurrer, and, on the plaintiff declining to reply, rendered judgment final for the defendant. The overruling of the demurrer is now assigned as error.

Robt. H. Smith, for the appellant, cited Thompson v. Charnock, 8 Term R. 140 ; Nettleton v. Gridley, 21 Conn. 531 ; Clapcott v. Davy, 7 Ld. Raymond, 611 ; Allen v. Milner, 2 Cromp. & J. 47 ; 1 Y. & J. 19 ; 1 Stewart, 520 ; 1 Ala. 90 ; 6 ib. 90 ; Comyn's Digest, " Accord," D, 2 ; 1 Saunders, 324, note (a) ; Caldwell on Arbitration, 223.

P. Hamilton, contra, cited 2 Wendell, 506 ; 13 ib. 294 ; 14 ib. 503; 6 Cowen, 399; 1 Hill's (N. Y.) R. 69; 10 Yerger, 439 ; 6 Humph. 29 ; 9 ib. 142 ; 20 Vermont, 137 ; 35 Maine, 276 ; 1 Johns. 315 ; 18 ib. 22 ; 4 Barbour, 541 ; 20 ib. 268 ; 1 Molloy, 394 ; S. C. 12 Eng. Ch. 192 ; 17 Mass. 591 ; 1 Mich. 24.

STONE, J.—How far the act of submitting matters in dispute to arbitration, affects a pending action for the same subject-matter, is a question on which the authorities do not agree. We apprehend, however, that none of them, when properly considered, will sustain the judgment rendered in this case by the city court of Mobile.

In New York, it is decided, in a long train of adjudications, that if a suit is pending, and the parties agree to submit to arbitration the matters in litigation between them, and there is no agreement that the award may be made the judgment of the court ; such submission alone furnishes matter for a plea in abatement to the further maintenance of the suit, or will justify a motion to dismiss the cause. The supreme court of the State of Tennessee has adopted and followed these decisions.—See the authorities on the brief of counsel for appellee. But even the courts of New York and Tennessee hold, that if the submission contain an agreement that the award may be made the judgment of the court, it does not defeat the existing action.—Yates v. Russell, 17 Johns. Rep. 461 ; Green v. Patchen, 13 Wendell, 295 ; Camp v. Root, 18 Johns. 22 ; Ex parte Wright, 6 Cowen, 399 ; Jewell v. Blankenship, 10 Yerger, 439 ; Rogers v. Nall, 6 Humph. 29, 31.

In Connecticut, the doctrine is broadly declared, that a mere submission to arbitration, of matters involved in an

existing suit, does not operate as a discontinuance of the suit. Nettleton v. Gridley, 21 Conn. 531.

The New York doctrine was asserted in Woodley v. Johnson, 1 Molloy, 394. In a case, a few years later, in the court of exchequer, the opposite doctrine was declared.—Allen v. Milner, 2 Crompt. & Jervis, 47.

In all the cases, where this defense was relied on, the plea set out the submission or award, either in *hœc verba*, or in substance. All the authorities agree, that a submission or award may be so framed, as to continue the case in court ; while the greatest stretch of principle found in any of them, only asserts the doctrine, that if there be a submission of the matters involved in a suit, and no agreement to continue the case in court, or to make the award the judgment of the court, the case may be abated or dismissed.

We will not say there might not be cases, in which an award, or even a submission, if properly presented, would operate a dismissal or abatement of an existing litigation. We are satisfied, however, that as every submission or award does not, *per se*, lead to such result, the party relying on this defense must set out the submission, (or submission and award, as the case may be,) either *in extenso*, or in substance, that the court may judge of its effect. It is no answer to this position, that the plaintiff might have brought to the view of the court the particular character of the reference, by his replication. A plea must express the defense with reasonable certainty, and must show that it is an answer to what it assumes to answer, even if negative averments are necessary to such result. A party is frequently required to plead a negative, although he is not often held to its proof.—Carpenter v. Devon, 6 Ala. 718 ; Carroll v. Malone, 28 Ala. 521.

In the old case of McAlpin v. May, 1 Stewart, 520, this court considered the question, how far an existing action of debt would be affected by a submission to arbitration, and award thereon of a less sum than that claimed by the plaintiff. So far as the report of the case discloses, neither the submission nor the award made any reference to the continuance or discontinuance of the suit. Judge Crenshaw, in delivering the opinion of the court, expressed it as his

opinion, that, in substance, the plea was good ; but the case went off on the absence of an affidavit to the plea.

In the case of Burns v. Hindman, 7 Ala. 531, the award, which was set out in the plea, directed "all suits between the parties to be withdrawn by the party commencing them." This court, affirming the judgment of the court below, held the award a complete defense to the action. In this case, it will be observed that the award did not direct any money to be paid, or any act to be performed by either party ; but, in so many words, directed the suit to be dismissed.

In the case of Jesse v. Cater, 25 Ala. 351 ; S. C. 28 Ala. 475, the award directed certain acts to be done by each party. By the agreement to submit to arbitration, Mrs. Cater bound herself to perform whatever award might be rendered, and, in case of failure, to dismiss her bill in chancery. She failed to comply, and her bill was dismissed. A suit was brought on the bond she gave when she obtained the injunction, and the effect of these various proceedings was considered by this court. It was held, that the award was no defense to the action, unless Mrs. Cater averred and proved, that she had performed, or offered to perform, the award, or rendered a sufficient excuse why she did not. See, on this point, Clapcott v. Davy, 1 Ld. Raymond, 611.

Whether a submission to arbitration, or an award, will work the dismissal of a pending suit, must depend on the intention of the parties, to be gathered from the facts of each particular case ; and these cannot be known, unless they are brought to the notice of the court by the party who relies on them as a defense. On this statement of the principle, the plea interposed *puis darrein* in this case was defective, and the demurrer to it should have been sustained.

Judgment reversed, and cause remanded.