## REYNOLDS *vs.* CARTER.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Statutory judgment against administrator for costs, in malicious action, not enjoined.* A statutory judgment for costs against an administrator individually, after the return of an execution *de bonis intestatis* ' no property found,' will not be enjoined in equity on account of the insolvency of his intestate's estate, when it appears that the action at law was instituted by him maliciously, and without reasonable or probable cause.

APPEAL from the Chancery Court of Lawrence.
Heard before the Hon. JOHN FOSTER.

R. O. PICKETT, for appellant.
THOS. M. PETERS, *contra.*

WALKER, J.—The appellant, in his capacity of administrator, instituted an action of detinue against the appel-

lee, in which he took a nonsuit, and judgment for costs *de bonis intestatis* was rendered against him. Execution, pursuant to the judgment, was issued, and returned *nulla bona*. Then an execution *de bonis propriis* issued against the appellant. The bill in this case is filed by him to enjoin the execution against him as an individual, upon the ground that, since the rendition of the judgment *de bonis intestatis*, the estate of his intestate, being insolvent, has been duly so declared by the proper court. The court of chancery ought not to interfere with the enforcement of the statutory judgment, resulting from the return of *nulla bona* on the execution *de bonis intestatis*, if it be shown that the plaintiff in such statutory judgment is justly entitled to have the amount thereof out of the defendant in such statutory judgment.

It may be that the complainant was not guilty of a *devastavit*, which would render him liable to a creditor of the estate; and that, if the defendant had no other defensive ground than the commission of a *devastavit* by the complainant, it would not be proper for the chancery court to interpose.—Smith v. Nelson, 6 Ala. Rep. 320; 2 Williams on Executors, 1529–1530.

But there is another ground, upon which we deem the complainant in this case personally liable to the defendant, for the amount of the costs, for which an execution *de bonis propriis* has issued against the former. The oath of the defendant to the answer was not waived. The cause was heard on bill and answer, without evidence; and therefore, its responsive allegations are evidence. The responsive allegations of the answer show, that the suit at law was instituted without any reasonable or probable cause, in bad faith, and from malice. Is not a person, who, being the administrator of an estate, commences an action in his representative capacity, without any reasonable or probable cause, and through malice, responsible to the defendant for the damages sustained by such action? If one should cause an action of such a character to be brought in the name of another person, he would be liable to the injured defendant for the damages sustained. In the opinion in Perren v. Bud, Cro. Eliz. 794,

which has been followed in the subsequent cases, it is said: "If one procures another to sue me without cause, an action lies not against him who sued without cause; but for this falsity in procuring my vexation an action well lies." In Savil v. Roberts, 1 Salkeld, 13, we find a similar statement of the law, in the following words: "If one that is not concerned, as a stranger, procure another to sue me causelessly, I may maintain an action against him generally." We cite several authorities, which maintain the same proposition, and discuss generally the subject of actions to recover damages resulting from vexatious suits.—1 Co. Litt. 161 *a*, Butler & Hargrove's note 1; Buller's N. P. 12; 3 Bla. Com. 126, note; Purton v. Houner, 1 Bos. & Pul. 204; Flight v. Leman, Ad. & El. (N. S.) or 45 E. C. L. 883; Pechell v. Watson, 8 M. & W. 691; Baugh v. Killingworth, 4 Mod. 13; Goslin v. Wilcock, 2 Wilson, 302–305; Waterer v. Freeman, Hobart, 266; Grove v. Brandenberg, 7 Black. (Ind.) 234; Moulton v. Lowe, 22 Maine, 466; Bond v. Chapin, 8 Metcalf, 31; 2 Bouvier's Inst. 519; McLaren, Ragan & Co. v. Bradford, 26 Ala. 616; 2 Wheaton's Selwyn, 811.

Is there any reason, why an individual should not be liable for vexatious actions brought in his representative capacity, as he would be if the action had been brought in the name of a stranger? We can conceive of none. The offense and wrong, and the damage, are precisely the same, if one brings a vexatious and causeless suit in his representative capacity, as if he had brought it in the name of a stranger. A judgment for costs cannot be rendered *de bonis propriis*, under our statute, against the person who happens to be the administrator, any more than if he were a stranger.—Craig v. Orton, Minor, 111; Stewart v. Hood, 10 Ala. 600; Chandler v. Shehan, 7 Ala. 251; Hutchinson v. Gamble, 12 Ala. 36.

For the reasons above set forth, we decide, that the complainant is responsible to the defendant for the damages caused to the latter by the action at law. The execution for the costs of the action at law was returned no property found; and therefore the defendant has sustained damage, to the amount of his costs, and the complainant

should not be relieved from the payment of the judgment for that amount, which, by virtue of the return of *nulla bona*, the defendant has against him.

The decree of the court below is affirmed, at the costs of the appellant.