# Baker *v.* Kennon Brothers.

*Action on Attachment Bond.*

1. *Compromise construed as barring subsequent action* —A written agreement between the parties to a pending attachment suit and a suit in equity, by which the indebtedness between them is adjusted and settled, being partly paid and partly extended, the suits dismissed, and the costs paid by the plaintiff, and which is declared to be "a final settlement of all transactions heretofore had between said parties, and of all lawsuits now pending,"—includes the right of action on the attachment bond, and is pleadable in bar of a subsequent action on the bond.

[Baker v. Kennon Brothers.]

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by R. P. Baker, against Kennon Brothers and others, and was founded on an attachment bond, which the defendants had executed on the suing out of an attachment by Kennon Brothers against said Baker. The defense relied on was a written agreement of compromise and settlement, which the parties had made pending the attachment suit; and the plea setting up this defense averred that Kennon Brothers had dismissed the suit, and paid the costs, as stipulated on their part. The court sustained the plea setting up the agreement, and instructed the jury that the agreement was a bar to the suit; which rulings are now assigned as error, with other matters.

HARRISON & LIGON, and J. J. ABERCROMBIE, for appellant, cited *Womack v. Bird*, 63 Ala. 500.

JNO. M. CHILTON, *contra*, cited *Jesse v. Cater*, 28 Ala. 475; 1 Brick. Digest, 796, § 10.

CLOPTON, J.—In bar of the action, which is brought by appellant, and founded on a bond made by. defendants for the purpose of obtaining the issue of an attachment at the suit of Kennon Brothers, the defendants set up an agreement of compromise and settlement entered into between plaintiff and Kennon Brothers, by which it is claimed the bond was satisfied, and plaintiff's right of action thereon released. The controlling question in the case is, whether by the compromise and agreement Kennon Brothers' liability on the bond was settled by the parties, so as to release plaintiff's right of action. In the interpretation of the contract, the primary object is the ascertainment of the intention of the parties, that it may be enforced as they mutually understood it when it was made. In ascertaining the intention, the court is not confined to the literal meaning of the terms employed, nor the mode in which they are expressed. The subject-matter, the situation and relation of the parties, the nature of the transaction, and the object intended to be accomplished, in connection with the writing, are proper subjects for consideration.

At the time the contract was made, there was a large outstanding indebtedness on the part of plaintiff to Kennon Brothers; the attachment had been sued out to enforce the

[Baker v. Kennon Brothers.]

collection of a part of this indebtedness, and the attachment suit and other suits in chancery were pending. The settlement related to all these matters. The agreement recites, that upon a settlement it was ascertained that plaintiff was indebted to Kennon Brothers in divers sums and on various accounts, specifically enumerated, aggregating $2,719.66; and that plaintiff had conveyed to Kennon Brothers, in payment of part thereof, certain lands and personal property, and for the balance gave a note payable November 1, 1883. After reciting these facts, it contains a stipulation, that this settlement of transactions theretofore had between the parties, and of all suits then pending in the Chancery and Circuit Courts, shall be a final settlement between them, and that Kennon Brothers shall pay all costs which had accrued up to that time.

It is true, there is no express reference to the attachment bond, or right of action thereon, and no suit founded on it was then pending. In *Jesse v. Cater*, 28 Ala. 475, the action was on a bond given to obtain an injunction to restrain the defendant in a chancery suit from erecting a livery-stable on a certain lot. By consent, and under an order of the court in the suit in chancery, the question of nuisance was submitted to arbitration, with an agreement that the award shall terminate and forever decide all matters of controversy, at law, or in equity, relating to the livery-stable. It is said: "The agreement is sufficiently comprehensive to include, as one of the matters to be settled by the arbitrators, the right of action at law upon the injunction bond. It may be, that right of action was not embraced within the subject-matter to be directly passed upon by the arbitrators, and was collateral to it; nevertheless, the award was to have the effect of settling it." The object of the parties was, to make a final settlement of all outstanding indebtedness and controverted matters between them, in avoidance of future litigation respecting them. The attachment suit was expressly included in the settlement. It is not supposable that they would compromise and settle the attachment suit itself, and all other matters of dispute, intending to omit the attachment bond, which grew out of, and was collateral or incidental to the attachment. While it is true, there is no reference to the bond, or the right of action thereon, the terms of the agreement are sufficiently comprehensive to include it, as one of the transactions as to which the settlement was to be final. The subject-matter of the compromise being the indebted-

[Hamaker v. Hamaker.]

ness of plaintiff to Kennon Brothers, and the controversy in relation thereto, and the object being a *final* settlement, it seems to follow, that if not included in terms, a settlement of the attachment bond, and a waiver or release of the right of action thereon, are necessarily implied.

The ruling in *Womack v. Bird,* 63 Ala. 500, is not in conflict with this interpretation of the agreement. That case was an action of trespass against an officer, for wrongfully taking cotton and corn, seized under an attachment against the plaintiff. He justified under the process, and also set up in bar of the action an arrangement between the plaintiffs in the attachment and an agent of the defendant, by which the cotton was surrendered to the former, and the corn released from the levy. The attachment suit was not settled by the arrangement, nor was any thing said as to what was to become of it. It was ruled, that Mrs. Womack, the defendant in attachment, did not surrender or abandon any claim for damages for the trespass and seizure of the goods, and that the surrender of the cotton could not be pleaded in bar of the action, but only went in mitigation of damages. In this case, the debt on which the attachment was founded, and the attachment suit, were both compromised and settled. The court did not err in charging the jury, that the compromise and settlement had the effect of waiving or abandoning plaintiff's right to maintain an action on the bond.

On this construction of the legal effect of the agreement, defendants were entitled to a verdict; and the other rulings of the court, if erroneous, are without injury.

Affirmed.