# Copeland *et al. v.* Leonard.

*Action upon a Detinue Bond.*

1. *Action upon detinue bond; when presumption of injury by dismissal of suit rebutted by fact of compromise.*—In an action to recover

damages for the breach of a bond given by the plaintiff in a statutory action of detinue, the presumption that the complaint was wrongful, arising from the dismissal of the suit by the plaintiff, is rebutted and overcome by proof that the plaintiff in the detinue suit being imprisoned, it was agreed between his attorney and the defendant that the suit should be settled and the action dismissed, upon the defendant, who had possession of the property, turning over to the plaintiff's wife a certain designated portion of the property sued for, and that upon this agreement being carried out, the action was accordingly dismissed; and upon such proof being made the plaintiff in the action upon the bond is not entitled to recover.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellee, Frank Leonard, against Noah Houston, as principal, and appellants, W. B. Copeland and others, as sureties on a bond given in an action of detinue brought by said Houston against Leonard; and sought to recover damages for the alleged breach of said bond.

The complaint sets out the bond, which is in the penalty of one hundred and eighty-four dollars, and is in the usual form of bond required in detinue for the seizure of property. It recites that Noah Houston had commenced suit in the court of I. H. Benners, justice of the peace, to recover of Frank Leonard twelve hogs, described and valued in the bond; that affidavit had been made, and an order requiring the sheriff or any constable to take the property sued for had issued. The complaint alleged that the property sued for was seized; that Noah Houston failed in the suit, and that the complaint was wrongful; that plaintiff was compelled to, and did, employ attorneys and become liable to them for reasonable attorneys' fees; was compelled to pay a large sum as court costs, and was deprived of the use of the property one day.

The defendant pleaded the general issue and two special pleas. The first of these pleas set up that the action of detinue for which the bond sued upon was given, was compromised by the agreement that said Noah Houston should receive a part of the property sued for, and that Frank Leonard should retain the balance. The other special plea set up as a defense that the judgment rendered in the action of detinue was rendered by consent, and as a result of a compromise, and that said

[Copeland *et al.* v. Leonard.]

complaint in the detinue suit was not wrongful. To each of these pleas the defendant demurred upon several grounds, which demurrers, however, were not shown to have been acted upon by the court.

The plaintiff introduced evidence of the institution of the detinue suit by the defendant, Noah Houston, the making of the affidavit and the giving of the bond which is here sued upon; and the evidence of the plaintiff further showed that prior to the dismissal of said action of detinue in the circuit court, the plaintiff in that suit (Noah Houston) had been sent to prison on conviction of a misdemeanor, and was at the time of the dismissal confined at hard labor in the prison at Coalburg, Alabama; that an agreement was made between the attorney of said Noah Houston and the defendant in that suit (the plaintiff in this suit), or his attorney, that said action of detinue should be settled by Frank Leonard (the defendant in that suit and plaintiff in this), in whose possession the property was, turning over to the wife of Noah Houston (plaintiff in detinue) two of the hogs sued for, and that thereupon the action of detinue should be dismissed, which agreement was carried out, and the action of detinue was dismissed accordingly.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff for $89.30. From this judgment the defendants appeal, and assign as error, among other rulings, the rendition of judgment in favor of the plaintiff.

ARNOLD & EVANS, for appellants.—A judgment by a valid agreement, for a consideration, is not a failure in the suit. And by making a contract for a consideration that the suit should not be prosecuted, the defendant waived the prosecution.—*Johnson v. Flint*, 34 Ala. 678; *Sharpe v. Hunter*, 16 Ala. 765; 2 Herman on Estoppel, §§ 1063-1069.

B. M. ALLEN, *contra.*

HEAD, J.—This case was tried by the court without a jury. There were some special pleadings in the cause raising questions which are now assigned as error, but the record shows that the case was tried, without objec-

[Denson et al. v. Gray.]

tion, strictly upon its merits, both in respect of the general issue and the defenses made or attempted to be made by the special pleas, without regard to the rulings the court made on the demurrers to the special pleas ; and, in view of the conclusion we reach, on the facts, it is, in this condition of the record, unnecessary to determine whether those rulings were correct or not.

The dismissal of the detinue suit which is relied upon by the plaintiff as evidence of the wrongfulness of the detinue complaint, occurred under the following circumstances, shown without dispute : The plaintiff in the action (Houston) had been sent to prison on conviction of a misdemeanor, and was at the time of the dismissal confined at hard labor in the prison at Coalburg, Alabama. Being thus confined, his attorney agreed with the defendant in the action, or his attorney, that the action of detinue should be settled by defendant (who had possession of the property) turning over to Houston's wife two of the twelve hogs sued for, and that thereupon the action of detinue should be dismissed, which agreement was carried out, and the action of detinue was dismissed accordingly. The dismissal, as it appeared of record, raised only a *prima facie* presumption that the complaint was wrongful, and we are of opinion that the fact that it took place by actual agreement of the parties, under the circumstances stated, upon terms of the defendant in detinue giving up part of the property sued for, overcame the presumption. The judgment should, therefore, have been in favor of the defendants.—*Baker v. Kennon*, 88 Ala. 428.

Reversed, judgment here rendered in favor of the defendants.