LIVINGSTON, J.
The defendant has assigned the following causes of demurrer:
1. That the plaintiff has not alleged his doing those things which, by the award, were to be done and performed by him.
2. Because it does not appear by what authority the award was made.
3. Because the award is uncertain, and inconclusive in its not appearing therefrom “ioho.t house” the parties were to finish between them, or with what materials, or for whose benefit it was to be finished; or for “what stove” the plaintiff was to receive fifty shillings, or what costs the parties were to pay, or what proportion each was to pay, or to whom they were to be paid.
*238 4. Because- that part of tbe award which relates to finishing the house, is an award of personal service.
I shall consider only the third objection, for that being, in. my opinion, fatal, renders it unnecessary to examine either of the others.
Tbe intention of all parties to an arbitration, is to have their controversies finally settled, and something ascertained which was before doubtful. Hence, it is a rule that awards shall be so plainly expressed, as that there may remain no uncertainty as to the manner in which they are to be executed. Bach party should not only know what be is to do, but should also be able to compel the other to perform what he is ordered to do. This cannot be the case unless the arbitrators make use of language which is intelligible as well to the parties themselves as to those who may be called on to enforce their decisions. Although courts have departed from the strictness with which awards were formerly examined, and which was a reflection on the administration of justice, yet they have not carried-their indulgence so far as to dispense with their being certain, at least to a common intent. Without adhering to this rule, an award might be so obscure as that neither party would know what he had to do; in such a case, if it were, nevertheless, binding and final, great injustice would be done; for there could be no recourse on the bond for not performing the award, and yet the remedy on the original ground of controversy would be gone. To take the present case out of this rule, it is said, that if the award be good in that part whereof the breach is assigned, it is sufficient, and the .plaintiff must *have judgment, according to the decision in Fox v. Smith and Addison v. Gray, 2 Wils. 267, 293. But there is a manifest difference between those cases and the one before us. By those awards, except as to an exchange of releases, there was nothing to be done but by one of tne parties. The defendant, in each of those suits, was to pay the plaintiff a sum certain, and *239 also some costs, without mentioning how much. The court lield, that as the awards were certain as to the specific sums directed to be paid, it was no reason why the plaintiff should not have the benefit of them so far, especially as they thereby waived their right ever to recover the costs, which was an advantage to the defendants. This rule, however, cannot apply where distinct things are tobe done by the different parties; for, in such cases, what is to be done by the respective parties must be set forth with equal certainty; otherwise the one may enforce that part of the award which is in his behalf, while the other can have no relief for such parts as are intended to be in his favor, because of the ambiguity of the language made use of. Such is the nature of this award. The sum to be paid to the plaintiff, and for non-payment of which this action is brought, is sufficiently certain; but it is unreasonable he should receive this money, unless he performs, or can be compelled to perform, those things which he is directed to do, and which must have formed part of the consideration for giving him this sum. In other word's, if the defendant can have no remedy against the plaintiff for what he is to perform, on account of the uncertainty in the meaning of the arbitrators, the whole award, however explicit as to what he is to' do, must be nugatory. It remains to be examined whether that be the case here. The parties are enjoined to finish “ the house ” between them. Here is something to be done by the plaintiff, (and most probably for the defendant’s benefit,) for the omission of which he ought to be liable, and yet it is very problematical whether he might not shelter himself under the uncertainty of the direction. What house was to be finished? Where did it stand? What were its dimensions? What materials were to be used ? When was it to be completed ? Or for whom ? Nor can the uncertainty of the award in this respect be helped or removed, either by reference to the submission, or by the context of the award, or by anything connected with it. Nor does it fall witbin those cases where .ayérmente of the party may render certain that which is not sufficiently defined by the arbitrators themselves. An averment is sometimes ^admitted to support an award, which-has an appearance of being uncertain, but when there is no means of ascertaining what is thus doubtful, but by travelling out of the instrument altogether, and relying entirely upon parol testimony to show the intention of .the arbitrators, the experiment is dangerous and ought not to be made.
The same uncertainty prevails as to “ the stove ” which the defendant was to keep at the price of fifty shillings. As the house, it is called Kat' exochen," the stove.” There might be several stoves in his possession. . What entitled it, therefore, to this honorable distinction, or whether it would in that way be known, even to the p&rties themselves, ddes not appear. But, as has been already said, it is not sufficient that the parties understand the arbitrators; their language should be intelligible also to those to whom application may be made to give effect to their decisions.
Equally uncertain is the award as to the costs to be paid. To pay the charges accrued in a particular suit, without mentioning the sum, is good, because they may be taxed by the proper officers; but here no suit is mentioned, nor does any appear to have been pending; and if they were, the costs or expenses of the arbitration, (which does not appear to have been made a rule of any court,) I do not perceive how they were to be ascertained.
Upon the whole, there is so much uncertainty in everything which the plaintiff is ordered to do by this award, that I think it but common justice to the defendant to consider the whole as void. My opinion, of course, is that he have judgment,
KENT, Ch. J.
I am of opinion the whole award is void for uncertainty.(a) It ought to appear from the context *240 of the award, or from the nature of tbe thing awarded, or by a manifest reference to something connected with it, what things the parties are ordered to do. Kyd, 129,134. Here is nothing to which-this award can be referred for explanation; and it does not appear from the award itself what house, or stove, or costs are alluded to. It speaks only of the house, the stove, and the costs, without adding one word by way of reference or explanation. An award may be good in part and bad in part, provided the latter be independent of, and unconnected with, the former. "Willes, 6-6. But that does not seem to be the case here. The payment of eleven pounds ten shillings is connected with the costs, and the passing of receipts *must have reference to some controversy about the house. It is, upon the whole, too vague, or rather senseless a paper to be the basis of an action. Nor is there equal justice by sustaining the suit; for the mutual obligation about finishing the house, must be intended for the benefit of the defendant as well as of the plaintiff; and if, owing to the absolute uncertainty of that part of the award, he can have no remedy to coerce the plaintiff to perform any part beneficial to the defendant, he ought not to be bound to pay the eleven pounds ten shillings to the plaintiff. We are to presume the payment was to be in consideration of the efficacy of the preceding part which was favorable to the defendant.
I am therefore of opinion that judgment be for the defendant.

 An award directing “ good and sufficient security for the payment ol *240 money,” in two instalments, is void for uncertainty in not stating the nature of tlie security, whether it was to consist of real or personal security, £r to wliat extent. Jackson v. De Long, 9 Johns. Rep. 43.