Huy *vs.* Brown & Fridley.

Where, by the terms of an *award*, acts are to be performed *on the same day* by both parties to the submission, as, that one shall convey a lot of land, and the other pay a certain sum of money, in an action for the recovery of the money, it is incumbent upon the plaintiff to aver *performance* or an *offer to perform*, on his part, and if he neglect so to do, the defendant may crave oyer of the award, and *demur* to the declaration, or *plead* the non-performance of the plaintiff, in bar of the action.

Case of arbitration and award. A submission was entered into between these parties, to abide by the decision of two arbitrators, selected to make order in reference to a controversy respecting a lot of land in the possession of the plaintiff, claimed by the defendants. The object of the submission appears to have been to ascertain what sum of money, if any, should be paid by the defendants to the plaintiff, upon his executing to them a quit-claim deed of the premises, and giving them certain indemnities. The arbitrators made an award, directing the plaintiff to execute such quit-claim deed, and to do certain other acts not necessary to be here stated, on or before the 1st September, 1831 ; and on the other hand, ordered the defendants *on or before the same day* to pay to the plaintiff the sum of $298,76. The plaintiff brought his suit, declaring on the award for the sum directed to be paid to him, without averring in his declaration *performance* of the acts directed to be done on his part. The defendants pleaded, setting forth the submission and award, alleging a readiness and offer, on their part, to perform, but averring that the plaintiff wholly refused to perform on his part. The plaintiff replied, alleging performance on his part, and averring non-performance on the part of the defendants, who rejoined, denying performance on the part of the plaintiff. The plaintiff demurred to the rejoinder, assigning various special causes of demurrer. The above statement embraces as much of the pleadings as was passed upon by the court, and therefore a more particular detail is deemed unnecessary.

*J. A. Spencer,* for the plaintiff.

*J. A. Collier,* for the defendants.

*By the Court,* NELSON, J. The principal ground taken on the argument in support of the demurrer was that the award of the arbitrators is not to be viewed in the light of dependant covenants, and that each party is entitled to an action for non-performance, without showing performance on his part.

It is true, that an award is not a covenant or an agreement between the parties, within the meaning of the rule of construction applicable to covenants. The intent of the parties has nothing to do with the examination of it, with a view to a correct understanding of its legal operation and effect. Its meaning is to be ascertained not by the intent of the *parties,* but by that of the *arbitrators.* They may, by the terms of the award, make the performance by one party a condition precedent to performance by the other; and whether they have done so or not, must depend upon an examination of all its parts. Cro. Car. 384. 1 Bacon's Abr. tit. Arb. and Award, F. In this case the plaintiff was first to perform his part of the award, in the order of it, and the reasonableness and justice of the case accords with this arrangement. It adjudges that the plaintiff shall, on or before the first day of September then next, make out and execute a quit-claim deed for the farm referred to in the submission to the defendants, (reserving the right to take his crops,) and immediately give up possession to them, to execute a bond indemnifying them from any claim of G. Huy to the lot, by virtue of any sale upon execution, and also to discharge certain judgments; and then it further adjudges that the defendants shall on or before the first day of September, pay to the plaintiff the sum of $298,76. It is not, however, necessary to say, that the performance of the plaintiff is made a condition precedent; perhaps it is not, but the acts of the parties are clearly concurrent, as they are to be performed upon the same day, and applying the rule applicable to concurrent covenants, which are analogous, the party suing must shew performance, or an offer to perform on his part, to entitle himself to a recovery. This he has not done in his declaration, and the defendants might have craved oyer and demurred, but they had a right to plead the omission in defence, as they have done. The plaintiff has properly replied

performance, and the defendants have denied it. The plead- ings by both parties are in some respects inartifically drawn, and contain much repetition, but are substantially good. The special causes of demurrer, as set forth are, I think, untenable. The rejoinder may be bad for 'duplicity, but the plaintiff has not specified in what it consists; he has specified one instance, but in that there is no duplicity.

Judgment for defendants on demurrer, with leave to plaintiff to amend, on payment of costs.