NICHOLS & FAY *vs.* THE RENSSELAER COUNTY MUTUAL INSURANCE COMPANY.

In a *submission* between an insurance company and a party assured, in re-spect to a loss, and an *award* of a sum of money to the assured, the arbi-trators will be deemed *not to have exceeded their authority* in directing a transfer by the assured of his claims against another company for a loss, as the legal intendment is, that there was a *double insurance.*

Upon such an award, it is not necessary that the assured should aver *an offer of performance* on his part, if there be no necessary connection between the act to be done by him, and the payment of the money, or if the part of the award which directs the assignment be void ; if both parts of the award be valid, each party is entitled to an action for the default of the other.

If an award directs the performance of acts by *both parties*, and the award as to the acts to be done by *one* of the parties is void, and the void part is the consideration or recompense of the thing awarded on the other side, the whole award fails ; whether an offer to perform the part of the award void for uncertainty, or because out of the submission, would remove the objection, *quere*.

To bring a case, however, within the above rule, *it must be manifest* that the act directed to be performed by one party in respect to which the award is bad, is the consideration of the act to be performed on the other side ; every intendment being in favor of the award.

Although the *costs of an arbitration* are not in terms mentioned in a submission, the power of awarding them is incident to the authority conferred upon the arbitrators.

In awarding costs, a direction to pay " the taxable costs of the witnesses" is sufficiently certain.

Where moneys are directed to be paid by one party to the other, *no demand* is necesssry before suit.

When *no time* is specified in the bond for the making of an award, it may be made at any time and will be good.

On demurrer to a declaration, the court will not listen to objections to an *original writ*, although it be spread out upon the demurrer book ; it forms no part of the paper book.

DEMURRER to declaration. This was an action of *debt* on an arbitration bond in the penalty of $2000, bearing date 9th July, 1838, and executed by the Rensselaer County Mutual Insurance Company, to J. B. Nichols and B. F. Fay, *assignees of John H. Adams ;* the *condition* of which after reciting " that whereas a certain difference has arisen between the said R. C. M. I. Company, and the said *John H. Adams* respecting a certain loss claimed to have been sustained by him, by and upon his goods, wares and merchandize, which were insured by the said company ; and whereas, it has been agreed, by the said company and the said J. B. N. and B. F. F. *assignees* of said Adams, to submit said matters in difference to J. S. &c. (naming three individuals,) arbitrators, indifferently chosen between the parties," is, that if the said R. C. M. I. Company shall pay unto the said J. B. N. and B. F. F. as assignees aforesaid, all such monies as shall be awarded by said arbitrators or any two of them, and shall in all things, well and truly stand to, abide by, and perform all and singular the final arbitrament, award and determination of the said arbitrators in the premises then, &c. To the bond was added an agreement signed by the president

of the company, under the seal of the corporation, that the award should be made on or before the first day of October, 1838. The arbitrators made an *award* on 29th September, 1838, in which, after stating that they had heard the proofs and allegations of the parties, they adjudged and ordered that the Insurance Company pay to Nichols and Fay, "assignees as within named," the sum of $1100 damages, $81 being the amount of "our fees as arbitrators," together with the taxable costs of the witnesses on the part of Fay and Nichols. Then followed a clause in these words: "And we do further award and determine, that the said Benjamin F. Fay and James B. Nichols, assignees as aforesaid, duly assign and set over, on demand, unto the said Rensselaer County Mutual Insurance Company, any and all legal and equitable claims which they may, as the assignees of the said John H. Adams, have against the *Saratoga Mutual Insurance Company*, for any losses sustained by the said John H. Adams, by the burning of his store and goods, in White-Creek, on the 30th day of January, 1837, to be by them prosecuted for in the name of the said John H. Adams, or in the names of the said assignees or otherwise, for the use and benefit of the said Rensselaer County Mutual Insurance Company, and at their proper charge and expense." Given under our hands, &c. The plaintiffs assigned three breaches: 1. the non-payment of the $1100, 2. the non-payment of the $81, the fees of the arbitrators, and 3. the non-payment of the taxable costs of the plaintiffs' witnesses. The defendants craved oyer of the bond, condition and award, and after setting out the instruments, *demurred* to the declaration, assigning specially as causes of demurrer the following: 1. that the *summons* or original writ was defective in not setting forth the cause of action— the defendants in making up the demurrer book, having spread upon it the original; 2. that the arbitrators had exceeded their authority in directing the assignment of the claims against the *Saratoga Insurance Company*, and in directing the payment of their own fees, and of the taxable costs of the witnesses; 3. that the award in respect to the costs of the witnesses is indefinite and void for uncertainty;

4. that the breach in respect to the same is defective in not averring a taxation and demand, and 5. that the declaration is defective in not averring *notice* of the award, and *demand* of payment of the sums directed to be paid to the  plaintiffs. The plaintiffs joined in demurrer.

*J. C. Lansing*, for defendants.

*S. G. Huntington*, for plaintiffs.

*By the Court*, Bronson, J.    The objection that the cause of action was not fully set out in the original writ does not' properly arise.    The summons is no `part of the demurrer book, though it has been copied into it.    *McFarlan* v. *Townsend*, 17 *Wendell*, 440.

Although costs were not in terms mentioned in the submission, the power of awarding them was incident to the authority conferred on the arbitrators.    14 *Johns. R.* 161 ; 2 *Cowen*, 638.    The direction to pay " the taxable costs of the witnesses" is sufficiently certain.    It means such costs or fees as the witnesses are entitled to by law.    See *Kyd on awards*, 135.

No demand of the money before suit brought was necessary.    The condition of the bond was, to pay all such moneys as should be awarded, and by the award the defendants are directed to pay certain sums, without any condition or qualification whatever.

It was urged by the defendants' counsel that as there was no time specified in the condition of the bond within  which the award was to be made, and the time was fixed by a separate instrument, that the action could not be maintained for the *penalty*, but should have been covenant on the latter instrument.    This is not like the case of *Freeman* v. *Adams*, 9 *Johns. R.* 115.    Here no time was specified in the bond for the making of the award, and if made at any time, it would have been good.    The additional agreement limited the time to the first day of October, 1838, and the award was made before that day.    The award was made in pursuance of the original submission as well as of the addi-

tional agreement, and in such a case, I can see no objection to an action on the penalty of the bond.

It is said that the arbitrators exceeded their authority in awarding that the plaintiffs should assign their claims against the *Saratoga Company* to the defendants, and consequently that the whole award is bad. If the premises should be granted, the conclusion would not necessarily follow. An award may be good in part and bad in part, and the vicious will not overthrow the good, unless there is such a connection between them that injustice will be done if one part stands while the other fails. 13 *Johns. R.* 264. 1 *Cowen*, 117. 2 *id.* 638. If *the same party* is required to do several things, and as to some of them the award is bad on the ground of uncertainty, or because the arbitrators have exceeded their powers, this can furnish no good reason for holding the party discharged as to those things which are well awarded. But where the good and the bad relate to *different parties*, and the void part of the award is the consideration or recompense of the thing awarded on the other side, the whole award must fail. It would be manifestly unjust to compel one party to perform the award, when he cannot have the benefit or advantage which the arbitrators intended he should receive as an equivalent. *Pope v. Brett*, 2 *Saund.* 292 *and note* 1. *Schuyler v. Van Der Veer*, 2 *Caines*, 235. *Lee v. Elkins*, 12 *Mod.* 587, 589. *Kyd on Awards*, 244, 8, 259, 287. *Watson, Arb. & Awards*, 131, 135, 138. But in cases falling within this rule, an offer to perform that part of the award which is void for uncertainty or because it is out of the submission, would, perhaps, remove the objection. *Lee v. Elkins*, 12 *Mod.* 587, 589. *Kyd on Awards*, 259, 287. In the case at bar, although the plaintiffs may not be legally bound to assign, yet, had they tendered an assignment in pursuance of the award, the defendants could no longer complain, with any appearance of justice, that they were held to the award without any means of enforcing the performance of the part in their favor. It is unnecessary, however, to say whether a tender by the plaintiffs would have aided their case, inasmuch as

there is no averment in the declaration of an offer of performance on their part.

But this case does not come within the rule we have been considering. We cannot, on the face of the award, see any necessary connection or dependence between the part which requires the defendants to pay, and that which directs the plaintiffs to assign. The assignment is not made a condition to the payment, nor does it appear that the arbitrators intended one act should be performed as the consideration, either in whole or in part, for the performance of the other. Looking at the award alone, we are not authorized to say that the arbitrators would not have directed the payment of the money unless there was to be an assignment of the claim against the Saratoga Company, nor that a greater sum was allowed to the plaintiffs in consequence of awarding an assignment. Nothing can be presumed for the purpose of overturning an award; on the contrary, it is familiar doctrine at the present day that every reasonable intendment should be made for the purpose of upholding an award.

If the arbitrators, after properly disposing of the matter in controversy, went beyond the submission, and directed an assignment by the plaintiffs, this excess of authority will not destroy that which was well done within the submission.

The argument for the defendants assumes every thing without proof. It is said that the Rensselaer and the Saratoga companies both insured Adams against the same risk ; that the whole loss has by the award been charged on the defendants, when they were only liable for a rateable proportion ; and that the assignment of the claim against the Saratoga company was directed in consequence of having charged the defendants with the whole loss. We cannot gather from the demurrer book that either of these allegations are well founded. The argument is open to a further remark. If the whole loss has been charged on the defendants, it is impossible to say that it has been done improperly. If it was a case of double insurance on the same risk, the assured might, unless there was something in the policy to control it, recover and collect the whole sum insured

from one of the companies, and that company would then be entitled to contribution from the other. *Godin* v. *London Assurance Co.* 1 *Burr.* 489. *Thurston* v. *Koch*, 4 *Dall.* 348. 1 *Marsh. Ins.* 146. 1 *Phil. Ins.* 326. *Ellis' Ins. and Ann.* 13. But as the assured can in such cases have but one satisfaction, it was proper that the plaintiffs should assign the claim against the Saratoga company, and as that claim, on the facts assumed, stood connected with the matter submitted, the arbitrators did not exceed their authority in directing the assignment.

In this view of the case the award is good in both its parts, and then of course the whole argument falls to the ground. But it is enough that we can see no necessary connection or dependence between that part of the award which directs the defendants to pay, and that which requires the plaintiffs to assign.

It was not necessary that the plaintiffs should aver a tender or offer of performance on their part. If there is no necessary connection or dependence between the two parts of the award, and that part which directs the assignment is void, it follows of course that the plaintiffs may sue without offering to assign. And if both parts of the award are valid, each party may, I think, have an action for the default of the other, in the same manner as upon independent covenants. This is not like the case of *Huy* v. *Brown*, 12 *Wend.* 591.

None of the minor objections to the action are well taken.

Judgment for plaintiffs.