By the Court, Cowen, J.
Clearly, it was not necessary to show notice to Butler, by proof aliunde, of the times and places when the arbitrators met. Due notice must be presumed, till Butler proved the contrary; which he did not do. - • . ,
It .is no objection to the award, that Bogert signed and *493 sealed it with the umpire. (Caldw. on Arb. 42, 3. Soulsby v. Hodgson, 3 Burr. 1474. Beck v. Sargent, 4 Taunt. 232. That does not negative its being the sole award of the umpire. The signature and seal of Bogert indicates his assent, but that is mere surplusage, and may be rejected as such. ■
The choice of Lawrence as umpire was just as well before disagreement as after. Indeed, this is said to be the better time for appointing an umpire. (Kyd on Awards, 87.)
No one can read the award, in connection with the articles to which it refers, without understanding that the subject matter was the alterations, &c. mentioned as matter of arbitration by the articles. These being expressly referred to, must be read as if recited at length in the award; and nothing can be found there beside those alterations to which it could, with any propriety, be applied. • The umpire, in eifect, declared accordingly that he had examined the alterations, and fixed the increased cost. The meaning and application of the added words as to the paved ways, were shown by parol, as they might be. Indeed, Butler did not pretend there was any difficulty in understanding and fulfilling the terms on which the sum awarded was declared to be absolutely due. Technical precision and certainty are never necessary in an award. If it be expressed in such language that plain men acquainted with the subject matter can understand it, that is enough, no matter how short and eliptical. (Matson v. Trower, Ry. & Mood. N. P. Cas. 17. Hays v. Hays, 23 Wendell, 363, 366, 7.)
The award was in substance that the cost of the alterations, <fcc. were $ 2385,29, less the expense of Butler’s filling up the outside paved ways. Here was a step to be taken by Butler in order to make the sum payable, and, if you please, in order to liquidate the amount. Yet it is an assessment and declaration of the cost of alteration, certain within the meaning of the law both as to amount and terms of payment, because both could be made certain. Several *494 cases are cited in Watson on Arb. and Award, 122, 3, 4, of much greater apparent uncertainty so long as-the courts stopped at the face of the award. But, on looking beyond it, and finding the amount ascertainable by matter aliunde, it was agreed that the awards could be sustained as sufficiently final and certain. A question of certainty on an award quite as vague as the present, if not more so, has been of late very fully considered by the K. B. and on error to the exchequer chamber,, in Cargey v. Aitcheson, (3 Dowl. & Ryl. 433, 2 Barn. & Cress. 170, S. C.; 2 Bing. 199, and M’Lel. R. 367, S. C. on error ;) and the award sustained. At any rate, if the condition of filling up the ways was a nullity on account of the umpire having exceeded his authority, or for uncertainty, or any other reason, it may, according to the case last cited, be rejected as mere surplusage, and then the award will stand absolutely for the sum declared to be due in money, and be payable presently.-
So far, I think, the award may, without difficulty, be supported ; and if there be nothing more in the defence, it was a bar to any claim for alterations exceeding in amount the sum awarded. If it were necessary, we must intend that the filling up of" the paved way was a duty which some how related to the alterations mentioned in the original contract.
The only remaining question arises on the offer to show an excess of jurisdiction in subject matter; viz. that the umpire, though tied up by a special submission to assessing the value of the alterations, went beyond that- and assessed damages in favor of the defendants for defects in the body of the work and struck a balance. This, I admit, was beyond his vocation; but I have not been able to see that he did so, by any thing in his award. I have mentioned our duty of intendment as to the paved ways. If they related to the alteration, the finishing might properly be directed, or made a condition. Such intendment is here more than a common presumption. When in a court of law it is said, an award is good by intendment, it. means that such is the legal effect of the- instrument. The intendment is there *495 fore presumptio juris et de jure, and can no more be contradicted than the legal effect of any other written instrument. If there appear to be an excess of power on the •face of the award, that is one thing-. The award is then either void pro tanto, or in toto, accordingly as the bad matter may be separable from the good or not. If it be inseparable, the whole must fall together, though you always make a separation if possible. (Nichols v. The Rensselaer Co. Mutual Ins. Co., 22 Wend. 125, 129.) The award is in terms or in effect a declaration by the parties themselves through their agents, that the proper matters have been considered and examined ; and, as a general rule, nothing thus declared can be contradicted on trial in a court of law. I say as a general rule; and I can hardly feel a doubt on the decisions in this state, that whether the submission be general or special, you cannot by extrinsic evidence show either an omission to award on every branch of the subject, an award on a matter not submitted, or, till the late decision by the court for the correction of errors in Elmendorf v. Harris, (23 Wend. 628,) prove the want of notice of hearing to the party sought to be charged. This is, I apprehend, even now the common law of England, (Braddick v. Thompson, 8 East, 344;) for in Elmendorf v. Harris, no British case was found to the contrary which proceeded on the common law. A case, on the Scotch law, decided by the house of lords in England, was, indeed cited to the contrary; but the law of Scotland is based on the civil law. No cases were cited, on the argument of this cause, wherein it was ever holden that in a suit at law you may show by parol an excess of jurisdiction in the subject matter. I confine the rule to a regular suit, because on motions to set aside awards, intended for enforcement by a rule of court, or to pass summarily- into a judgment under the revised statutes, they are examinable more freely and to a. certain extent on the rules which prevail in chancery—where alone, I apprehend, could Butler have the present award corrected in respect to the admission or exclusion of improper items, whether within or without the power of the umpire. Such *496 was admitted to be the rule, both of England and this state, by Wilde, J. in Bean v. Farnam, (6 Pick. 269, 273, 4,) and it was departed from in that case only because in Massachusetts, the subject could not be reached by the chancery power. You may also, perhaps, impeach an award by averring or proving matter aliunde which shews it utterly indefinite or uncertain in any respect whereof non-performance is predicated. (Cargey v. Aitcheson, before cited.) But that goes on the doctrine of oral evidence touching ambiguity. I know, that when Cargey v. Aitcheson came to be considered on error, it was surmised by Best, C. J. who delivered the opinion, that you may also aver the arbitrators did not act upon every thing contained in a special submission. But this was mere surmise; and he admits that a contrary rule was laid down by Lord Ellenborough in Randall v. Randall, (7 East, 81, 3,) even on a motion for attachment. (1 M’Lel. 372. 2 Bing. 199.)
Jurisdictional intendments in support of an award, are at least as strong as they are in favor of a judgment rendered by a domestic court of general jurisdiction. It is often' said, that every intendment shall be made to support the decision of arbitrators, it being made by judges of the parties’ own choosing. And it would certainly be a singular objection against a record, in an action on a judgment, or in answer to it when pleaded in bar, that the judge at nisi prius received in evidence, and allowed the jury to assess damages upon, some matter without the jurisdiction of the court—some matter of trespass, for instance, in an action of assumpsit, or some matter of imperfect obligation, over which he had no jurisdiction in any form of action'—or that any thing belonging to the case was improperly excluded. Even that the party has had no notice, would be an objection, never yet, I apprehend, allowed in such case, -against the inference arising on the record, though I admit, there are dicta which countenance its reception.
On the whole I am of opinion that the judgment of the supe- ' rior court should be affirmed.
Judgment affirmed.