Theodore Smith, Appellant, *v.* Wm. Sweeny, Respondent.

Where an agent submits to arbitration the question of damage done land owned by the wife of his principal, supposing it to be the land of the principal, for earth and stone removed from such land, but afterward, on learning that the title of such land was in the wife, he gave notice to the other party, and executed a new submission upon the same terms, and tendered it to the other party, who declined receiving it, saying that it would make no difference — *Held*, that such submission was valid, and the wife was bound by the award made thereon.

Where the award requires the execution of a release on the part of the wife, who is not strictly a party to the submission, and which cannot be enforced by suit, yet, if the release be tendered in due and proper form, that objection ceases; and the valid parts of the award may be enforced.

*Held, further*, that when the wife permitted the arbitration to proceed in the name of her husband, knowing herself to be the party in interest, she would be bound by the award.

Action on an award for damages, for removing dirt and stones from certain lots in the city of Brooklyn.

The answer denied all the allegations in the complaint, and set up that the plaintiff fraudulently induced the defendant to execute the submission bond by falsely representing himself as the owner of the lots damaged, whereas he was not, but his wife was the owner.

The cause was referred to a referee, who found that the title to the lots injured was in the wife of the plaintiff; that stones and gravel were removed from said lots by defendant without authority, and a claim was preferred by the plaintiff to the defendant for damages therefor. On the 9th of October, 1858, the plaintiff, by one Ostrander his agent, and the defendant in person, submitted the claim to arbitration. The agreement of submission contained a recital stating that the plaintiff was the owner of the lots, which said Ostrander (who, as agent, transacted the business) then believed to be the fact. In good faith he so stated the fact to the defendant before and at the time of the submission. That, prior to the making of the award, the agent ascertained that the title to the lots was in the plaintiff's wife, and he thereupon, as agent of the plaintiff's wife, in her behalf executed a new

agreement, ratifying what had been done before the arbitration, and agreeing to be bound by the award in the same manner as if she had been an original party thereto, and asked the defendant to sign it also. He declined, on the ground that " it would make no difference." The new agreement stated the fact that it was recited in the bond of submission that said lots belonged to plaintiff, but in fact the title stood in the name of his wife. The arbitrators thereafter made an award in favor of the plaintiff for $1,839 for said damages, " and, on payment thereof in full, ordered that said Smith shall execute a full and general discharge to Sweeny, in which the wife of said Smith shall join." The arbitrators made their award on the 15th of November, 1858, and on the 4th of January, 1859, it was served on defendant, and on the same day the general release required was executed, acknowledged and tendered to defendant, and payment of the award demanded and refused. Plaintiff and wife were married in 1835. The referee found for the plaintiff. On appeal to the Supreme Court in the eighth district, the judgment was reversed and a new trial ordered. Plaintiff, on stipulation, appealed from the decision of that court. The cause is submitted here on written arguments.

*Rice & Jones*, for the appellant.

*D. P. Barnard*, for the respondent.

PECKHAM, J. It is insisted that the award is void, because of the fraud of the plaintiff in inducing the defendant to execute the submission by representing that plaintiff was the owner of the lots.

No fraud is found by the referee: obviously, there was no pretense of any fraud on the part of the plaintiff. The bond of submission was executed on the part of the plaintiff by his agent, Ostrander, who then believed the title to be in the plaintiff; as soon as he found the fact to be otherwise, and before the award was made, he made it known to the defendant. There was, then, no fraud to vitiate the submission or the award.

It is claimed the award was void, because it directed a release by the plaintiff's wife, who was a stranger to the submission, and, hence, a release could not be enforced.

There are two answers to this objection. Assuming that the arbitrators had no power to order this release to be executed by the wife, and that that part of the award is void on its face, yet the release was, in fact, executed by the wife and tendered to the defendant on the same day the award was served on him. The part alleged to be void was actually performed by the plaintiff. The reasoning of the judges in *Lee* v. *Elkins* (12 Mod., 585), is very full, to the effect that, when that is done, the other party to the award cannot allege the invalidity as an excuse for his own non-performance. This is sustained by Kyd on Awards, p. 259, &c. He says: "In all the cases in which objections are made to the award, as wanting mutuality, on account of one part being void, the arguments are founded on the supposition that the defendant, on performance of his part, has no means of enforcing performance from the plaintiff of the part awarded to be performed by him in return. This strongly favors the argument that, where that objection is removed by an actual previous performance by the plaintiff, the defendant shall be bound to perform his." He cites the case of *Lee* v. *Elkins.* In *Nichols* v. *Rensselaer Co. M. Ins. Co.* (22 Wend., 129), Mr. Justice BRONSON gave this a qualified indorsement. He says, in such case, "an offer to perform would, perhaps, remove the objection."

In *Schuyler* v. *Vanderveer* (2 Caines, 235), several of the judges sustain the position before stated. There seems to be this difficulty in upholding such an award; that it is left to the option of the plaintiff, in such case, whether the award shall be valid or void. As a general rule, he ought to have no such option. The award, as made by the arbitrators, should be of itself obligatory upon both parties, as to all of its substantial provisions.

The other answer to this order of a release by plaintiff's wife is more satisfactory to my mind. Under the facts of this case, I think the wife was bound by the award, and that

a payment of the amount thereof to the plaintiff would have been a payment to her, and would have discharged the defendant from all claim from her for damages to the lots. Hence, the provision for a release from her was superfluous and unnecessary. Payment discharged all further claim from her. The matter arbitrated was "to settle and assess the damages accruing to said lots, if any there be, by the removal of the ground and stones therefrom." The arbitrators awarded, "that they had estimated the value of the earth and stones taken from said lots by said Sweeny, and we do settle and assess the damages to said lots, by the removal of the earth and stones therefrom by said Sweeny, to be paid by him to said Smith, to be $1,839; which sum, upon the payment thereof to said Smith, is to be a full settlement and satisfaction thereof, to this date, and when said Smith shall be fully paid such sum, he shall execute a full and general release," &c.

The submission was made in this case through an agent of the plaintiff. It appeared he was also the agent of the plaintiff's wife, and, as such, executed, in her behalf, her assent to and ratification of this arbitration. It is true no direct evidence of his agency was given; but the agreement he executed in her behalf, in which he signed his name as her agent and attorney, was admitted in evidence without any objection on that ground. Both parties, then, acting upon the assumption that he was her agent, and that he properly executed the paper as her agent, it is too late now to object that there was no proof of his agency. She then distinctly sanctioned and ratified this arbitration.

Ostrander, the agent of the wife, as well as the agent of the plaintiff, proceeded with the arbitration after it was known to both parties that the title was in the wife. The defendant did the same. Under such circumstances, it became the arbitration of the wife, in the name of the husband, and I think the wife as much bound by this award as she would have been if she had been a party to the submission. She acquired title to this property in 1855, after the passage of the acts of 1848 and 1849, declaring the rights of married women as to their

separate property. She had a right to arbitrate as to an injury to these lots — a right to do it in the name of her husband (*Palmer* v. *Davis*, 24 N. Y., 242 ; see 1 Wait's L. and Pr., 1023, 1024, and cases cited.) Where one partner, in the name of the firm, entered into an arbitration, it was held that the award was void as to the other members of the firm, though it bound such as had knowledge of the arbitration and assented to it. (*Harrington* v. *Higham*, 15 Barb., 524.)

So where a husband, without authority from the wife, extended the time for making the award, but she received part of the money awarded to her, she was held bound by the award. (*Cobb* v. *Parham*, 4 Louis. Ann., 148.) It is entirely settled that an award may be good in part and bad in part. All the books on the subject agree in that. Special care should be taken that the void part has no injurious effect upon the parts held good; that it can have no such effect. " If that part of the award which is void be so connected with the rest as to affect the justice of the case between the parties, the award is void for the whole." (Kyd on Awards, 246 ; see, also, *Nichols* v. *Rensselaer County Mutual Insurance Co.*, 22 Wend., 125 ; *Schuyler* v. *Vanderveer*, 2 Caines, 235 ; *Martin* v. *Williams*, 13 Johns., 264.)

It is quite clear, that holding void the requirement of this release from the wife cannot affect injuriously the rights of the defendant. The whole claim for this damage to the lots, is satisfied by its payment to Smith. The law declares it on these facts, and the award is to the same effect. Should she institute a suit for these damages, the facts before stated, I think, would be a bar at law, certainly in equity, to any such demand. The single matter here arbitrated was, the amount of damages done to these lots by defendant. The arbitrators distinctly found that amount, and the payment thereof would extinguish the claim. They had no authority to order a general release. It is laid down that, " if an arbitrator, on a reference of *an action only*, after making a good award in respect thereof, awards that the parties shall execute mutual releases, the award is only void as to the award

of releases." (Watson on Arb., 193 ; *Doe* v. *Richardson*, 8 Taunt., 697.) That is precisely this case.

In the pleadings, the defense set up was fraud in procuring the submission. The referee found no fraud. Then defendant insists that the award is void because a release is ordered from plaintiff's wife, and there is no power to enforce it, and he, therefore, may be prejudiced. But the release has, in fact, been given. Tender thereof is a performance in that respect. Besides, the release was entirely unnecessary to secure the defendant's rights. Having assented to and ratified the arbitration to determine the amount of the damages both before and after the award, the wife was bound by the award, and the direction therein as to the release was superfluous and void. Every intendment is now made in support of awards.

Here has been a fair trial on the merits, justice seems to have been done, and the defendant can sustain no legal wrong in being compelled to pay the award. The order of the Supreme Court should be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

Judgment accordingly ; all the Judges concurring except DAVIES, Ch. J., who read a dissenting opinion, in which WRIGHT, J. concurred.