HAMILTON PERKINS, Appellant, *v.* WILLIAM GILES and CHARLES E. TRACY, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

By an award made upon submission to arbitration, by plaintiff and defendant, the defendant was bound to make certain excavations provided the plaintiff contributed one-third of the expense of so doing. It appeared that defendant made, after the award, a portion of the required excavations and called on plaintiff to contribute one-third of the expense, and plaintiff refused to do so. That defendant then offered to make all the excavations which plaintiff should require to be made if he would pay one-third of the expense, and plaintiff refused to pay anything on account of such excavations, and notified defendant that if he made them he would never pay any portion of the expense.

*Held,* that the things to be done by the respective parties under the award were in the nature of concurrent acts or covenants, and that under the circumstances the defendant was justified in refusing further to perform the award, and an action for non-performance could not be maintained.

ACTION for damages for neglect to perform an award. The facts sufficiently appear in the opinion.

*Cox & Avery,* for the plaintiff.

*D. Wright,* for the defendants.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was brought to recover damages occasioned by the neglect and refusal of the defendants to perform an award in favor of the plaintiff, upon a submission to arbitration between the parties.

The complaint sets out the award in substance, and alleges that the defendants had neglected and refused to perform

Perkins v. Giles.

according to the terms and conditions thereof in certain particulars, to his injury and damage, etc.   The complaint contains no averment that the plaintiff had performed the award on his part, or that he had offered or was willing so to perform.   The question on which the case turns arise upon the charge of the judge to the jury.

The exception to that part of the charge in which construction is given to the award, is not well taken.

The judge, I think, gave the true construction to the award, according not only to its terms, but to the intention of the arbitrator.   The plaintiff claims that, by the terms and true meaning of the award, the defendants were bound to remove all the sediment and deposits (including a small island) which had accumulated in the reservoirs, pond and race-way, at the time of the submission, so as to restore the whole to their original condition and capacity.   The judge held and charged that they were only bound under the award to clear out so much of the sediment and deposits in the race-way, reservoirs and pond, which had accumulated there at the time of the award, as obstructed and impeded the due flow of water through that water-way.

That they were not required to excavate for the purpose of keeping back and treasuring a supply of water.   This claim of the plaintiff is expressly negatived by the arbitrator in his award, for he says that the result of the filling up of the pond, race and reservoirs with sediment did not enter into the minds of the original parties, and was not contemplated by them in making the deed, but was one of the inevitable accidents referred to in the deed as an exception to the obligations of the defendants.   Whether the arbitrator gave the right construction to the covenants and obligations in the deed, is not the question.   The question is, how did he award and determine in regard to them?   On this question, I think, the judge was clearly right.

The other exception, to the other portion of the charge, is equally untenable.   There was evidence tending to show that the defendants went on after the award and made a portion

of the excavations required by the award, and called on the plaintiff to contribute one-third of the expense thereof, as required of him by the award, and that the plaintiff refused so to contribute; that the defendants then proposed to go on and make all the excavations and removals of the deposits which the plaintiff should desire to have made, in pursuance of the award, if he would pay one-third of the expense, according to such award, and that the plaintiff entirely refused to pay any-thing on account of such excavations, and gave the defendant notice that if they made them he would never pay any portion of the expense. The judge charged the jury that if these facts were established by the evidence to their satisfaction, the plaintiff could not maintain the action. To this the plaintiff's counsel excepted.

This was clearly right. The things to be done by the respective parties under the award were in the nature of con-current acts, or concurring covenants.

The defendants were the first to perform, but were entitled to one-third of the cost of performance immediately thereupon. The things to be done by the respective parties are not in the nature of separate and independent covenants. In such a case it has been held, in an action upon an award, upon demurrer, that in order to make out a cause of action, it was incumbent on the plaintiff to aver performance on his part, or an offer to perform. (*Huy* v. *Brown*, 12 Wend., 591.) And so it seems it is a good answer by way of defence, and in excuse of performance of the award on which the action is brought, that the defendant tendered performance at the day, and has always been ready to perform, and that the plaintiff discharged him from the performance, or hindered him from performing, or had himself omitted to perform a condition precedent. (Watson on Arb. & Aw., 368, 369.)

Here, if, as the jury may have found, the defendants offered to perform, and the plaintiff, after part performance by them, not only refused to pay his portion for such part, but gave them notice that if they went on and performed he would not perform or fulfill on his part, their neglect to perform fur-

ther was justifiable or excusable, and the action for non-performance cannot be maintained. The excavations were to be made for the plaintiff's benefit, and if he gave notice that he did not wish to have the labor performed and would not contribute to the expense according to the award in case it should be so performed, he may be justly held to have prevented performance, and to be estopped from claiming that the defendants have wrongfully failed to perform to his injury.

The case was properly disposed of at the Circuit, and a new trial should be denied, and judgment ordered for the defendants on the verdict.