## MARTHA M. BOUGHTON, RESPONDENT, v. CHARLES SEAMANS, APPELLANT.

*Award — sufficiently definite — Costs.*

Where the parties to an action upon a promissory note submit the controversy to arbitrators, who award to the plaintiff thirty-five dollars, together with the costs to which he has been subjected in the action, such award is sufficiently definite and certain; as the amount of the costs will be fixed by the officer before whom they are to be taxed.

The fact that the action has been discontinued or abated ·by the submission to arbitration, so that no costs can thereafter be recovered therein, does not prevent the arbitrators from allowing the amount thereof to the plaintiff.

APPEAL from a judgment of the County Court of Genesee county in favor of the plaintiff, on appeal from a judgment of a Justice's Court in favor of plaintiff — a new trial being had in the County Court.   The action was brought to recover upon an award of arbitrators, to whom the subject-matter of a suit pending in the Supreme Court was submitted.   The award required the defendant

to pay the plaintiff the sum of thirty-five dollars together with the costs which she had been subjected to in the action.

*George Bowen*, for the appellant.

*William C. Watson*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered on a trial in the County Court of Genesee county, in an action originating in a Justice's Court.

The action was upon a parol award, founded on a parol submission. There had been a suit pending between the parties on a promissory note, and the matters in controversy in the suit were referred to two arbitrators. The main question in the case is whether the award was for more than thirty-five dollars or for thirty-five dollars, with the costs, to which the plaintiff has been subjected in the action. It must be taken, under the charge of the court, that the jury has found that the actual award, as made and reported by the arbitrators, was that the defendant should pay the plaintiff the sum of thirty-five dollars, together with the costs which she had been subjected to in the action. It is claimed that this award is uncertain, as no amount of costs was specified. But certainty to a common intent is sufficient in an award; an award sufficiently certain to be obligatory as a contract is valid as an award. (*Perkins* v. *Giles*, 50 N. Y., 228.)

A direction to pay "the taxable costs of the witnesses" is as sufficiently certain. It means such costs or fees as the witnesses are entitled to by law.

An award to pay the charges accrued in a particular suit, without mentioning the sum is good, because they may be taxed by the proper officers. (*Schuyler* v. *Vanderveer*, 2 Caines, 235; opin. of LIVINGSTON, p. 240.)

That the action had been discontinued or abated by the submission to arbitration, so that no costs were thereafter recoverable in the action, does not constitute any reason why the arbitrators might not in their discretion allow that sum to the plaintiff, as it is not a question whether the sum was legally due or could be collected by legal process.

The question to the arbitrators, "what did you agree to?" did not on the face of it call for any evidence touching the consultations or reasons of the arbitrators, but only a statement of what the award in fact was, there being some dispute, owing to the phraseology in which the award was delivered, as to what it was, and whether it provided for the costs. The judgment of the County Court is affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.