(18 App. Div. 219.)

## TREDWELL v. DONCOURT.

(Supreme Court, Appellate Division, Second Department.   June 8, 1897.)

ATTORNEYS—AUTHORITY—EVIDENCE.

    In an action for breach of contract to accept a machine in trade, on
an issue whether defendant had acted as principal or as agent of W., de-
fendant offered a letter written by plaintiff's attorney, S., to W., before
suit, but after plaintiff had seen him in regard to the controversy, that
contained a statement that plaintiff had placed in the attorney's hands
for collection a claim against W. for refusal to accept the machine. *Held,*
that evidence of defendant that he informed plaintiff that W. would not
take the machine, whereupon plaintiff said, "I'll make her pay for it;
I'll put it in Lawyer S.'s hands," was sufficient, being uncontradicted by
plaintiff, to establish prima facie the existence of authority in the at-
torney to write the letter, and hence made the same competent as evi-
dence.

  Appeal from Queens county court.

Action by Timothy Tredwell against Adolphus Doncourt to re-
cover damages for breach of a contract for the transfer of a steam-
power thresher by plaintiff, for a horse-power thresher and $50 to.
be transferred by defendant.   From a judgment entered on a verdict
for plaintiff, and from an order denying a new trial, defendant ap-
peals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

  A. N. Weller, for appellant.
  Henry A. Monfort, for respondent.

HATCH, J.   The determination of this case turned upon the ques-
tion whether the defendant, in his negotiations with the plaintiff,
acted as principal or as the agent of Mrs. Willets.   The plaintiff
claimed to have dealt with the defendant as principal solely.   The
defendant claimed to have dealt as agent, to the knowledge of the
plaintiff.   The issue was sharply defined, and the proof conflicting.
The verdict must stand unless error was committed in excluding a
letter written by plaintiff's attorney to Mrs. Willets, which con-
tained a statement that plaintiff had placed in the attorney's hands,
for collection, a claim against her, arising out of the transaction for
which the present suit was brought.   It was admitted that this let-
ter was written by the attorney, after the plaintiff had seen him.
Its contents had a direct bearing upon the issue of a pertinent char-
acter, and its admissibility is dependent upon the plaintiff's connec-
tion with it.   If the attorney was authorized by the plaintiff to make
claim upon Mrs. Willets for fulfillment of the contract, then the
letter is to be regarded as his admission, and consequently receivable
in evidence.   It is a general rule that an attorney is the agent of
the client, authorized to act for and bind him by admissions and
declarations when engaged in the actual management of a cause in
court, or by correspondence relating thereto; and in such connec-
tion the admissions are generally conclusive.   This rule, however,
does not extend to other occasions or matters aside from the cause

in which the attorney is engaged, or to matters of conversation, although it may relate to the matters in controversy. 1 Greenl. Ev. § 186; Steph. Dig. Ev. pp. 46, 47, and note. At the time when the letter was written, no action was pending, and the relation of attorney and client did not exist so far as it related to a pending cause of action. None was brought against Mrs. Willets, and the present action had not then been commenced. Admissibility, therefore, must be made to depend upon the existence of an agency in the attorney to write the letter to Mrs. Willets at the time when it was written.

The evidence upon the subject is without practical dispute. The defendant testified that the plaintiff spoke to him about the trade, and that he informed him that Mrs. Willets would not have the machine. Thereupon plaintiff stated: "I'll show her; I'll make her pay for it; I'll put it Lawyer Steinert's hands." The statement of the witness is not so full upon his cross-examination in relation to this matter, and is quite consistent with the plaintiff's present attitude. But it does not conflict with the quoted words in such manner as to be destructive of their effect, and the plaintiff makes no denial of their utterance. The plaintiff, shortly thereafter, placed the matter in the attorney's hands. We are of the opinion that this evidence was sufficient to establish prima facie the existence of authority in the attorney to write the letter, and made the same competent as evidence upon the trial.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.