received because of his uncle's intestacy. A decision and judgment may be prepared by the attorney for the trustee in harmony with the views here expressed, the judgment to be submitted to me for settlement on two days' notice, at which time the question of costs will be determined.

Ordered accordingly.

---

### STINESVILLE & B. STONE CO. v. WHITE.

(Supreme Court, Appellate Term. July 2, 1900.)

1. ATTORNEY AND CLIENT—SUBMISSION TO ARBITRATION—AUTHORITY OF ATTORNEY—LETTERS TO DEBTOR—EVIDENCE.

   On June 13, 1895, an attorney wrote W. that he would submit a disputed claim to arbitration, and on July 9, 1895, wrote that "it was not contemplated by my client or by myself" that the arbitrator should give credit for an item of freight, and that the report cannot be accepted "by us," and demanding a speedy settlement, as his client "has come from his home in Indiana to personally arrange the matter." On July 11, 1895, suit was brought. Plaintiff admitted on the trial that he had placed the claim with the attorney for collection, and had authorized him to sue, but denied that he authorized the arbitration. *Held*, that the writing of the letters was within the scope of the attorney's authority, and such letters were admissible against plaintiff, as admissions of the attorney's authority to submit the claim to arbitration, and it was error to exclude such letters and the report of the arbitrator.

2. SAME—AGREEMENT TO ARBITRATE—SCOPE OF ARBITRATOR'S POWERS.

   An attorney who held a claim for collection wrote the debtor as follows: "In reference to the claim of * * *, the amount of which you dispute, I am perfectly willing that Mr. M. should go over your accounts and anything else you desire to exhibit; and the amount that Mr. M. finds due from you to the company I will accept, for the company, in full of all claims that it has against you." *Held*, that such letter was sufficient to authorize the arbitrator to give the debtor credit for half the amount of disbursements for excess freight and the cost of measurement of a shipment of stone, on which the claim was based.

   Beekman, P. J., dissenting.

Appeal from city court of New York, general term.

Action on account by the Stinesville & Bloomington Stone Company against George W. White. From a judgment of the general term of the city court (54 N. Y. Supp. 577) affirming and modifying a judgment of the trial term in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Parsons, Shepard & Ogden, for appellant.
Jacob Fromme, for respondent.

PER CURIAM. The action was commenced on July 11, 1895, and is brought to recover for merchandise, consisting of stone, sold and delivered to the defendant by the plaintiff at prices agreed upon, and of the reasonable value, in the aggregate, of $6,068.07. The defenses are breach of warranty, arbitration and award, and performance of the award. The defendant did not pay the plaintiff's claim in full for

stone, and considerable negotiations took place between the parties. The president of the plaintiff, Mr. James S. Williams, came to New York early in April, 1895, apparently for the purpose of collecting from defendant the amount of plaintiff's claim. On or before April 13, 1895, Mr. Williams placed the claim in the hands of Jacob Fromme, Esq., an attorney and counselor at law of this city, for collection. On April 13, 1895, Mr. Fromme wrote to defendant, informing him of his retainer by plaintiff, and added, "If the above amount is not paid to me, at my office, on or before Monday, April 22nd, 1895, I shall have to resort to legal proceedings for the recovery thereof." On this same day (whether before or after the receipt of Mr. Fromme's letter, does not appear) the defendant wrote to Mr. Williams, inclosing two notes, of $500 each, and stating as follows: "As soon as we get an adjustment of the stone, I will likely send you check for the balance of the account." It should be noted here, as we have already seen, that the return for a considerable portion of the stone had not at this time reached the defendant. On April 19, 1895, Mr. Fromme wrote defendant, returning these two notes, for $500 each, that the defendant had sent to the plaintiff, and stating in the letter that Mr. Williams had forwarded them, with instructions to return them at once; and Mr. Fromme then reiterated the demand for a settlement at his office, contained in his letter of April 13th, above mentioned. During the cross-examination of the defendant the plaintiff introduced in evidence this letter of April 19th. Upon the redirect examination of the defendant his counsel offered in evidence a letter written by Mr. Fromme two days before the commencement of this action, which letter defendant testified that he received about the time of its date, to wit, July 9, 1895. It was objected to by plaintiff's counsel as incompetent, and excluded, on the ground that it was not shown that Mr. Fromme was authorized by the plaintiff to write the letter. To this ruling defendant's counsel duly excepted. The letter is as follows:

"George W. White, Esq.—Dear Sir: When Mr. Arlando Marine was requested and designated by me to go over with you your accounts with the Stinesville & Bloomington Stone Company, with a view to a possible amicable adjustment of our differences, it was not intended by me to, nor did I, invest Mr. Marine with the power to pass on questions of excess freight or measurements. It was not contemplated by my client nor by myself that a question of allowing you for excess freight or for payment of measuring cars could arise; and, of course, those items, as reported in your statement of June 27th, to wit, ½ of excess freight paid, $621.62; ½ measuring 94 cars, $35.20,—cannot for a moment be considered by us, nor will they in any event be allowed. The injustice to my client of such charges is too apparent. I therefore submit the following proposition, as the last overture looking to a friendly adjustment: That is, if by to-morrow, Wednesday, July 10th, at 4 o'clock, I receive your certified check for $1,428.59, we will receive the same in full settlement of the claim. This amount, as you see, is simply the charges for ½ excess freight, $621.62, measuring, $35.20, added to your balance of $771.72, as shown in your statement. The reason I make the time so short is, not to be brusque in the matter, but simply because Mr. Williams has come from his home in Indiana to personally arrange the matter, either by settlement, or, if need be, by legal proceedings. I herewith inclose your check drawn on the Second National Bank, dated June 27th, 1895, for $771.72, payable to your order, and indorsed by you to my order, 'in full of account of the Stinesville & Bloomington Stone Company,' which, of course, I could not and did not use. Please acknowledge receipt of same.

     "Yours, &c.,                                 Jacob Fromme."

We think the act of Mr. Fromme in writing this letter was within the scope of the authority conferred upon him by the plaintiff, that it was competent evidence, and that its exclusion was grave error. The plaintiff put in evidence the letter of April 19th from Mr. Fromme to the defendant. The plaintiff's president, Mr. Williams, had testified that prior to April 13, 1895, Mr. Fromme had been retained by the plaintiff and authorized to bring suit, and, when questioned, Mr. Williams said that Mr. Fromme did not write the letter of April 13th without his authority. Mr. Williams had sent the two notes, for $500 each, to Mr. Fromme, who returned them to defendant, as instructed to do by Mr. Williams. Mr. Fromme continued to act as the plaintiff's attorney, in pursuance of his retainer. It will be seen from the letter in question that Mr. Fromme stated, "Mr. Williams has come from his home in Indiana to personally arrange the matter, either by settlement, or, if need be, by legal proceedings." The reasonable inference is that at the time of the writing of this letter of July 9, 1895, Mr. Fromme was acting in the presence of the plaintiff's president, and with his approval. We think that, under these circumstances, it must be said that the letter was a written admission of the attorney, authorized by the client, and therefore competent evidence against the client. In Steph. Dig. Ev. art. 17, we find the following, viz.:

"Barristers and solicitors are the agents of their clients for the purpose of making admissions, whilst engaged in the actual management of the cause, either in court, or in correspondence relating thereto."

Again, in the case of Tredwell v. Doncourt, 18 App. Div. 219, 45 N. Y. Supp. 946, a letter had been offered in evidence, written by the plaintiff's attorney before the commencement of any litigation. It contained an admission that the plaintiff's claim was against the person addressed, and not against the defendant subsequently sued. There was evidence that at the time this letter was written by the attorney the plaintiff had said, "I will put it [her claim for the debt] in Lawyer Steinert's hands." The trial judge excluded the evidence. This was held error on appeal, and the court, in reversing the judgment, say:

"We are of the opinion that this evidence was sufficient to establish, prima facie, the existence of authority in the attorney to write the letters, and made the same competent as evidence on the trial."

On June 13, 1895, Mr. Fromme wrote a letter to the defendant in the following terms, viz.:

"Mr. Geo. W. White—Dear Sir: In reference to the claim of the Stinesville & Bloomington Company against you, the amount of which you dispute, I am perfectly willing that Mr. A. Marine, of New York City, should go over your accounts, measurements, and adjustment, and anything else which you desire to exhibit; and the amount that Mr. Marine finds due from you to said company I will accept, for the company, in full of all claims that it has against you.

"Yours, truly,                                    Jacob Fromme."

This letter was ruled out by the trial justice. The defendant, however, was allowed to show that, subsequent to the receipt of this letter, Mr. Marine did go over defendant's accounts; and then defendant offered an itemized statement of the account between the parties, made

by Mr. Marine on June 27, 1895, in which Mr. Marine adds the following conclusion, viz.:

"Having examined the accounts, measurements, and claims for deductions in the Stinesville & Bloomington Stone Company's account against Geo. W. White, I find due the said company the above sum of $771.72."

But this paper was also excluded. The defendant then sought to show that he had, immediately after receiving said statement, sent his check for $771.72 to Mr. Fromme in full settlement of the claim, and that it had been accepted by Mr. Fromme; but the trial court ruled out such evidence on the same ground as that upon which he had excluded the letter of July 9th, above set forth. This letter of July 9th contains admissions of relevant and material facts tending to establish the defendant's defense of arbitration and award, and performance of the award. It admits the authority of Mr. Fromme to refer to Mr. Marine the question of the amount due to the plaintiff, or, which is the same in effect, it shows a ratification of the act and agency of Mr. Fromme by the plaintiff. The reason given for not abiding by the arbitration is not that the matter was not duly submitted to the arbitrator, but the claim is asserted that the arbitrator had exceeded his authority. The letter states:

"It was not contemplated by my client or by myself that a question of allowing you for excess freight or for payment of measuring cars could arise, and, of course, those items * * * cannot for a moment be considered by us," etc.

Had this letter been admitted, the agreement of arbitration and the award itself, offered by defendant, and excluded, as we have seen, under plaintiff's objection, upon the ground that it had not been shown that Mr. Fromme had any authority from the plaintiff to make such an agreement, would have become competent evidence. The award was divisible, and, even if void as to a part, it was nevertheless admissible, as plaintiff would be bound by that part which was good. See Morse, Arb. p. 464; Nichols v. Insurance Co., 22 Wend. 125; Butler v. Mayor, etc., 1 Hill, 489; Shrump v. Parfitt, 84 Hun, 341, 33 N. Y. Supp. 409. It is not suggested that the arbitrator exceeded his authority in regard to all the items of the award. We think, moreover, that in view of the language used in the offer to arbitrate (i. e. the letter of June 13th, above quoted), viz. "and anything else which you desire to exhibit," it was sufficiently broad to authorize Mr. Marine to take up the questions of excess freight and of payment for measuring cars, and report thereon. It is entirely clear from the testimony that the defendant accepted the offer to arbitrate contained in Mr. Fromme's letter of June 13th, and exhibited to Mr. Marine all his books, and placed him in possession of all necessary information to enable him to make the award. On the very day the award was made, viz. June 27th, the defendant, as we have seen, paid the amount of the award (i. e. $771.72), by sending his check therefor to Mr. Fromme, who kept it some 10 days, and then returned the check to the defendant in his letter of July 9th. This letter of July 9th cannot be properly said to be a repudiation of the arbitration, since by that letter it appears that the plaintiff was willing to accept the award, except as to the items of excess freight and measuring cars.

For the foregoing reasons, we are of the opinion that the judgment of the general term and of the trial term should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BEEKMAN, P. J. I feel constrained to dissent from the conclusion of the majority of the court. I am satisfied that a general retainer to prosecute a claim does not import the existence of authority on the part of the attorney, before action brought, to consent to an arbitration of his client's cause. It was therefore necessary for the defendant to show either specific authority so to do from the plaintiff to its attorney, or a subsequent ratification by it of his acts, in order to justify the admission in evidence of the agreement to arbitrate which said attorney assumed to make. While the question may be a close one, I am unable to find in the record sufficient evidence to support a finding that any such authority existed, or that there was a ratification of the attorney's act by his principal. The mere unsworn declarations of the attorney, importing the existence of such authority, can hardly be accepted as competent proof on this point. The judgment should be affirmed.